[No. 6,606.]
## LIVERMORE v. HODGKINS et al.

54 637
99 582

Ex parte Order—Stay of Execution.—The District Judge made an *ex parte* order, without notice, recalling an execution; and afterward, without notice, made a further order, reciting that one of the defendants had commenced an action to vacate the judgment, and directing a stay of execution until that action be determined, or until further order. *Held*, that the Judge had no authority to make the orders; and the orders reversed accordingly.

APPEAL from an order recalling, and from an order staying, execution, in the Sixteenth District Court, County of Kern. REED, J.

The facts are stated in the opinion.

*Stetson & Houghton*, for Appellant.

The judgment in this case was good on its face. A motion to quash an execution can only be entertained when the judgment is void. (*Logan* v. *Hillegass*, 16 Cal. 202; *Sanchez* v. *Carriaga*, 31 Id. 172; *Murdock* v. *De Vries*, 37 Id. 529; *Schultz* v. *Slate*, 43 Md. 295; *Chipman* v. *Bowman*, 14 Cal. 159.)

If relief can be obtained in such a case as this, it must be by a motion for a new trial on the ground of accident or surprise. (*Casement* v. *Ringold*, 28 Cal. 335.) Both the orders of December 20th, 1879, and January 24th, 1879, were chamber orders, made without notice. A judge at chambers has no jurisdiction to make an order setting aside an execution, or perpetually staying the enforcement of a judgment. (*Bond* v. *Pacheco*, 30 Cal. 530; *Norwood* v. *Kenfield*, 34 Id. 332; *Bennett* v. *Southard*, 35 Id. 691; Pract. Act, § 25; Code Civ. Proc. § 166.)

No brief on file for Respondent.

Department No. 2, MYRICK, J.:

September 12th, 1877, plaintiff recovered judgment against defendants Hodgkins, Mills Jr., Howlett, and Griffiths, for the possession of certain lands, and for $500 rents and profits, $200 damages, and for costs. A writ of possession and execution was

issued, which was afterward returned executed as to the possession, and nothing made as to the rents, profits, damages, and costs.   December 4th, 1878, an execution was issued for $720.80, the $20.80 being the costs.   The execution was levied on real estate, which was advertised to be sold on the 30th of December, 1878.   On the 20th of December, 1878, on the affidavits of Howlett, Colby, (one of the attorneys for defendants) and of the Clerk, the District Judge of Kern County made an *ex parte* order, without notice, that the Clerk recall the execution, and that the Sheriff refrain from selling the property advertised. On the 26th the Sheriff, under that order, returned the execution.   January 9th, 1879, plaintiff gave notice of motion to vacate the order of December 20th, 1878, recalling the execution and staying the sale.   January 24th, 1879, the said District Judge, without notice, made a further order, reciting that Howlett, one of the defendants, had commenced an action to vacate the judgment, and directing that the execution be stayed until said action be determined, or until further order.   The next day the District Court made an order denying plaintiff's motion to vacate the order of December 20th, 1878, and directing that the execution be stayed until said other action be determined, or until further order.   February 25th, 1879, plaintiff gave notice of motion to vacate the order of January 24th, which came on for hearing before the Court, March 14th, 1879, and was denied. Plaintiff appealed from the orders of January 25th, 1879, and March 14th, 1879.

The District Judge had no authority to make the orders of December 20th, 1878, and of January 24th, 1879, and the Court erred in refusing to set aside and vacate those orders, and in making the order of January 25th, 1879, staying the execution. Plaintiff having obtained his judgment, is entitled to enforce it, unless it be set aside or modified in due course of law.

The orders of January 25th, 1879, and March 14th, 1879, are reversed, and this cause is remanded to the Superior Court of Kern County, with instructions to vacate the orders of December 20th, 1878, and January 24th, 1879.

THORNTON, P. J., and SHARPSTEIN, J., concurred.