[No. 15418. In Bank.—September 28, 1893.]

# THE VERMONT MARBLE COMPANY, PETITIONER, *v.* THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

INSOLVENCY—DISSOLUTION OF ATTACHMENTS—ASSIGNMENT SUBJECT TO OTHER LIENS.—The statutory provision that the effect of an adjudication in insolvency is to dissolve attachments made within one month next preceding the commencement of the proceedings in insolvency, is equivalent to an express declaration that it does not affect liens of any other nature, and the assignee takes the property of the insolvent subject to all other liens existing at the institution of the proceedings.

ID.—PRIOR LEVY UNDER EXECUTION—RIGHT OF SHERIFF TO SELL—JURISDICTION OF COURT—ORDER RESTRAINING SALE.—By the levy of an execution upon the property of an insolvent debtor prior to the filing of the petition in insolvency, the judgment creditor acquires a lien which is not divested by the subsequent adjudication of insolvency of the debtor, and when the sheriff has seized personal property of the debtor under such execution, such property is not subject to the control of the court in the subsequent proceedings in insolvency, and the court has no jurisdiction in such proceedings to make an order restraining the sheriff from selling the same, and such order cannot protect the sheriff.

ID. — DEATH OF INSOLVENT — ABATEMENT OF PROCEEDINGS — EFFECT UPON EXECUTION SALE. — The death of the insolvent before the return day upon the petition had the effect to abate the insolvency proceedings and all orders therein, but did not affect the lien of the execution or relieve the sheriff of his obligation to sell the property.

ID. — REVIEW OF ABATED ORDERS. — Where an order in insolvency proceedings has abated by the death of the insolvent, an order of the supreme court annulling it upon writ of review would be vain, and an application for such writ will be denied.

APPLICATION to the Supreme Court for a writ of review.

The facts are stated in the opinion of the court.

*F. Wm. Reade,* for Petitioner.

The court has no right to enjoin the sheriff from selling upon an execution issued before the adjudication in insolvency. (Insolvent Act of 1880, sec. 9.) The death of a party abates the proceedings where no adjudication has been made. (*Frazier* v. *McDonald,* 8 Bank. Reg. 237; *Ex parte Beale,* 2 Ves. & B. 30.) Under section 17 of the act only attachments are dissolved by the adjudication and not judgments. *Expressio unius est exclusio alterius.* (*Maxwell* v. *Fuxson,* 4 Bank. Reg. 210; *Frazier* v. *McDonald,* 8 Bank. Reg. 237; *Hudson* v. *Adams,* 18 Bank. Reg. 102; *Ex parte Beale,* 2 Ves. & B. 30; *Ex parte Hollis,* 59 Cal. 411; *Howe* v. *Union Ins. Co.,* 42 Cal. 533.)

*William H. Jordan,* for Respondent.

HARRISON, J. — The petitioner obtained a judgment in the superior court in and for the city and county of San Francisco, on the 31st of May, 1893, against William Black, for the sum of three thousand seven hundred and ten dollars, and on the same day caused an execution thereon to be issued and placed in the hands of the sheriff, and by virtue thereof the sheriff levied upon and took into his possession certain personal property belonging to the defendant, and advertised the same to be sold on the sixth day of June, 1893. On the third day of June, 1893, certain creditors of Black filed their petition in the superior court that he be adjudged an insolvent debtor, and thereupon the court made an order appointing June 17th as the

day for hearing the said petition, restraining him in the mean time from transferring any property and from collecting or receiving any debts, and also forbidding his creditors from paying any debt to him, or delivering to him any property belonging to him, or to any person, for his use. On the same day the court made the following order: —

"*To J. J. McDade, Sheriff of the City and County of San Francisco:* —

"Upon reading the petition of creditors praying that William Black be declared an insolvent debtor, and upon reading and filing the affidavit of J. F. Kennedy, presented in connection with said petition, it is hereby ordered that you refrain from selling any of the property of the said William Black by virtue of any writ of execution issued out of the suit entitled *Vermont Marble Company* v. *William Black,* or any other suit, until the further order of this court.                    J. V. COFFEY, Judge.

"Dated June 3, 1893."

The said William Black died on the fifth day of June, 1893, and on the 17th of June, the return day of said application for his insolvency, the petitioner, upon notice of his motion to the petitioning creditors, moved the court to vacate the last-named order restraining the sheriff from selling the property. The court denied the motion, whereupon the present application was made for a review of the aforesaid orders.

By the levy of the execution upon the property of Black, prior to the filing of the petition in insolvency against him, the petitioner herein acquired a lien upon that property, which would not be divested by his subsequent adjudication of insolvency. (*Howe* v. *Union Ins. Co.,* 42 Cal. 533.) In the absence of any statute, an adjudication in insolvency does not affect any lien upon the property of the insolvent existing at the institution of the proceedings for such adjudication, but the assignee takes the property of the insolvent subject to all such liens. Section 17 of the Insolvent Act provides that the effect of the adjudication is to dissolve any attachment made within one month next preceding the commencement of the insolvency proceedings, and this designation is equivalent to an express declaration that it does not affect liens of any other nature. The subsequent death of the judgment debtor did not affect

this lien of the petitioner or relieve the sheriff from his obligation to sell the property. Section 1505 of the Code of Civil Procedure provides that "if execution is actually levied upon any property of the decedent before his death, the same may be sold for the satisfaction thereof; and the officer making the sale must account to the executor or administrator for any surplus in his hands." When the sheriff took the property into his custody under the execution, that property ceased to be subject to any control of the court in the proceedings in insolvency, and the court had no jurisdiction to make an order restraining the sheriff from selling the same. Proceedings in insolvency are purely statutory, and the court in exercising its authority therein is limited by the statute. Section 9 of the Insolvent Act gives to the court authority, upon the filing of the creditor's petition, to make an order "forbidding the payment of any debts, and the delivery of any property belonging to such debtor to him, or for his use, or the transfer of any property to him." This is the measure and limit of its power to restrain the creditors of the alleged insolvent, either by a general order, or by an order directed to any individual creditor.

The court had no jurisdiction to make the foregoing order restraining the sheriff from selling the property in question, and the order itself conferred no protection upon the sheriff. It was not made in the action in which the execution had issued, and it derived no more authority by virtue of its having been made in the insolvency proceedings than it would have had if made in any other proceeding. The superior court has no authority merely by virtue of its general jurisdiction to restrain the sheriff from selling property which he has advertised under an execution, issued upon a valid judgment. When a plaintiff has obtained his judgment, he is entitled to enforce it, unless it be set aside or modified in due course of law. (*Livermore* v. *Hodgkins*, 54 Cal. 637.) In an action against the sheriff for damages for refusing to execute the writ, the order would not constitute a defense or afford him any protection.

By the death of the alleged insolvent before the return day, the proceedings in insolvency abated, and with them the orders that had been made therein ceased to have any force. Acts of bankruptcy are analogous to torts, and, like proceedings against

a defendant for a tort in which the cause of action does not survive, proceedings in involuntary bankruptcy abate upon his death. (*Frazier* v. *McDonald*, 8 Bank. Reg. 237.)

As the orders sought to be reviewed herein have ceased to have any vitality by reason of the death of the alleged insolvent, an order of this court annulling them would be vain, and the application is for that reason denied.

DE HAVEN, J., McFARLAND, J., and FITZGERALD, J., concurred.