117   473
122   635

[Sac. No. 235.   Department One.—July 8, 1897.]

## C. F. HEFNER, ASSIGNEE, ETC., RESPONDENT, *v.* H. S. HERRON, APPELLANT.

INSOLVENCY—CONSTRUCTION OF INSOLVENT ACT—DISSOLUTION OF ATTACH-
MENT—LEVY OF EXECUTION—RIGHTS OF EXECUTION CREDITOR.—Un-
der section 21 of the Insolvent Act of 1895, the dissolving of an
attachment in a prior action by insolvency proceedings, is the condition
upon which the insolvency proceedings can produce any effect upon a
judgment or execution subsequently entered or levied; and where, prior
to the commencement of the proceedings in insolvency, an attachment
suit had passed into judgment, and property of the insolvent had been
seized, and was held under a levy of execution, the attachment previ-
ously issued has no further existence, and is incapable of being dis-
solved by the proceedings in insolvency, though the attachment was
levied within one month prior thereto, and section 21 of the Insolvent
Act has no application to such a case; nor can such judgment and exe-
cution be affected by the proceedings in insolvency, but the judgment
creditor has the right, as against the assignee in insolvency, to retain
and dispose of the property under the execution.

ID.—LEVY SUPERIOR TO RIGHTS OF ASSIGNEE—ABSENCE OF STATUTE.—
In the absence of any statutory provision, a levy upon property by
virtue of an attachment or execution, creates an interest in the property
superior to the rights of the assignee in insolvency, and only an express
provision to that effect will make the proceedings in insolvency para-
mount to such lien.

APPEAL from a judgment of the Superior Court of
Butte County.   JOHN C. GRAY, Judge.

The facts are stated in the opinion of the court.

*John Gale,* for Appellant.

*R. E. Robinson,* and *Warren Sexton,* for Respondent.

THE COURT.—This action was instituted by the plain-
tiff as assignee of the estate of the Wah Sang Yen Com-
pany, insolvent debtors, to recover possession of six tons
of dried fruit, or the value thereof.

At the trial, no evidence was introduced on either
side, and it was stipulated that the only question to be
determined by the court was whether the taking of the
property, as alleged in the complaint, and as explained
and justified in defendant's answer, was wrongful or not

The facts stated in the pleadings are, in substance, as follows: "In September, 1895, the Wah Sang Yen Company was a partnership, doing business in Butte county, and the defendant was then, and at all the times mentioned, the duly appointed, qualified, and acting constable of Honcut township, in that county. On September 16th, one Burgan commenced an action against the said company in the justice's court of said township, in which a writ of attachment was regularly taken out and placed in the hands of defendant for service; and under and by virtue of this writ the defendant duly levied upon, attached, and took into his possession the said six tons of dried fruit. On the same day another action was commenced by one Herron against the same defendant, and in the same court, but it does not appear that any writ of attachment was taken out and served in that case. Such proceedings were thereafter had in each of said actions that, on September 23d, judgment was duly given, made, and entered therein in favor of the plaintiff, and against the defendant—in the one first named for the sum of ninety-nine dollars and twenty-four cents, and costs of suit, and in the other, for the sum of twenty-two dollars and thirty-five cents, and costs of suit. Thereupon, writs of execution upon said judgments were duly issued and placed in the hands of defendant for service, and thereunder, on the same day, he levied upon and took into his possession the said dried fruit. Subsequently, after due and legal notice, he sold at public auction so much of the same as was necessary to satisfy said judgments, costs, and expenses of sale.

On September 24th, the creditors of the Wah Sang Yen Company filed in the superior court of said county their petition, praying that the said company, and each of the members thereof, be adjudged and declared to be insolvent debtors under the provisions of the Insolvent Act of 1895. A receiver was thereupon appointed, and, on October 14th, an order and adjudication was duly made and entered in said court, whereby the said com-

pany as a copartnership, and each member thereof, were adjudged to be insolvent debtors within the true intent and meaning of said Insolvent Act. On October 24th, the plaintiff herein was duly elected assignee of the said insolvent estate, and two days later he qualified as such, and the clerk of the said court duly assigned and conveyed to him all the estate, real and personal, of said company as a partnership, and the estate of each of the members thereof. On November 4th, plaintiff, as assignee, demanded from defendant possession of the property described in the complaint as a portion of the property of said estate, but defendant refused to deliver up the same, and still withholds and detains it, except five hundred and eighty pounds, which he has returned.

As a conclusion of law from these facts the court found that the plaintiff, as assignee of the estate of the Wah Sang Yen Company, was entitled to have and recover of and from the defendant possession of the property described in the complaint, to wit, six tons of dried fruit, less five hundred and eighty pounds, or the sum of two hundred and thirteen dollars, the value thereof, in case a delivery could not be had, without costs; and judgment was accordingly so entered, from which the defendant appealed.

Section 21 of the Insolvent Act of 1895 reads as follows: "As soon as an assignee is elected or appointed and qualified the clerk of the court shall, by an instrument under his hand and seal of the court, assign and convey to the assignee all the estate, real and personal, of the debtor, with all his deeds, books, and papers relating thereto, and such assignment shall relate back to the commencement of the proceedings in insolvency, and shall relate back to the acts upon which the adjudication was founded, and by operation of law shall vest the title to all such property and estate, both real and personal, in the assignee, although the same be then attached on mesne process, as the property of the debtor, and shall dissolve any attachment made within one month next preceding the commencement of the insol-

vency proceeding. Such assignment shall operate to vest in the assignee all of the estate of the insolvent debtor not exempt by law from execution. Whenever such assignment shall dissolve an attachment as herein provided, it shall also vacate any judgment made or entered, and dissolve and set aside any execution levied in any action or proceeding against the debtor commenced subsequently to the action in which the attachment is dissolved."

The object sought to be accomplished by this statute is not very evident, nor does its language very clearly express the intention of the legislature. In addition to providing that the assignment in insolvency shall dissolve any attachment "made" within one month next preceding the commencement of the insolvency proceedings, it provides that whenever such a result shall follow, the assignment shall also vacate and dissolve any judgment or execution entered or levied in any action or proceeding against the debtor commenced subsequently to the action in which the attachment is dissolved. The dissolving of an attachment is the condition upon which the insolvency proceedings can produce any effect upon a judgment or execution. Two things, therefore, must occur before any judgment is vacated or any execution is dissolved, or a levy thereunder set aside, viz., an attachment must have been dissolved in the prior action, and the judgment and execution must have been had in an action commenced subsequently to the one in which the attachment was dissolved. If an attachment issued in some action or proceeding against the defendant had been already dissolved at the commencement of the insolvency proceedings, although levied within one month prior thereto, the judgment and execution in the subsequent action would not be affected. On the other hand, if the action had been commenced more than a year before the commencement of proceedings in insolvency, but an attachment had not been levied until within one month prior thereto, the judgment and execution in the subsequent

action would have been vacated, although a year may have elapsed since the action was begun.

Under the facts presented in the present case there is no ground for the application of the foregoing section of the Insolvent Act. Prior to the commencement of the proceedings in insolvency the suit of Burgan had passed into judgment, and the defendant held the property in question by virtue of a levy under an execution issued upon that judgment. The attachment previously issued therein was no longer in existence, or capable of being dissolved, and whatever lien or claim the defendant had upon the property was by virtue of the execution. The section does not provide for dissolving a lien existing by virtue of final process, except in the one enumerated instance. In the absence of any statutory provision, a levy upon property by virtue of an attachment or execution creates an interest in the property superior to the rights of the assignee in insolvency, and only an express provision to that effect will make the proceedings in insolvency paramount to such lien. (*Vermont Marble Co.* v. *Superior Court*, 99 Cal. 579.)

As there was no existing attachment to be dissolved, the judgment and execution in the action of Herron could not be affected by the proceedings in insolvency.

The defendant, therefore, had the right, as against the claim of the plaintiff, to retain and dispose of the property under the execution by virtue of which he had taken it, and the judgment against him is erroneous.

The judgment is reversed, with directions to the superier court to enter judgment upon the findings in favor of the defendant.