[Civ. No. 2800.   Third Appellate District.—February 13, 1924.]

ALFRED MARTIN, Petitioner, v. C. W. MILLER, as Judge, etc., Respondent.

[1] APPEAL—ORDER VACATING JUDGMENT—CERTIORARI.—An order of the superior court, made on the *ex parte* motion of the defendant, vacating and setting aside a judgment theretofore entered in favor of the plaintiff, is appealable as a "special order made after final judgment"; and the plaintiff cannot have such order reviewed in *certiorari* proceedings.

APPLICATION for a Writ of Certiorari to review an order of the Superior Court of San Joaquin County, and C. W. Miller, Judge, setting aside a judgment. Proceeding dismissed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Petitioner.

L. C. Kelley for Respondent.

FINCH, P. J.—This is an application for a writ of review.

In an action pending in the superior court, wherein petitioner was plaintiff and Union Oil Company of California and others were defendants, judgment was entered on the fifteenth day of January, 1924, in favor of plaintiff and against said defendant company for the sum of $428.44 and costs of suit. The judgment recited that "on the 14th day of March, 1923, the said defendant Union Oil Company of California, by and through its said attorneys, Cooney and Kelley, filed with the clerk of this court its written stipulation wherein and whereby the above entitled court was authorized and directed to render judgment herein in favor of the plaintiff, and against it, the said Union Oil Company of California, in the sum of four hundred twenty-eight and 44/100 dollars, and costs of suit."

On the twenty-second day of January, 1924, on the *ex parte* motion of the defendant company, the court made the following order:

"The motion of defendant Union Oil Company of California, for an order vacating and setting aside the judgment made and entered herein on January 15th, 1924, came on regularly for hearing this day, and it appearing to the satisfaction of this court, that through inadvertence an *ex parte* judgment was entered herein upon the representation of A. H. Carpenter, Esq., counsel for plaintiff, that a stipulation was on file herein authorizing the entry of said judgment, when in truth and in fact, there was no such stipulation on file, but instead an offer of compromise, which had not been accepted as provided by section 997 of the Code of Civil Procedure of the State of California; and the matter being submitted to this court for consideration and decision;

"It is hereby ordered that the judgment heretofore made and entered herein on January 15th, 1924, be and the same is hereby vacated and set aside."

[1]   Petitioner contends that the court was without juris-diction to make the aforesaid order on an *ex parte* applica-tion.   It need not be determined whether or not the court had such jurisdiction.   The order is appealable as a "special order made after final judgment." (Code Civ. Proc., sec. 963; *Livermore* v. *Campbell,* 52 Cal. 75; *Kaufman* v. *Superior Court,* 108 Cal. 446 [41 Pac. 476]; *Southern Cal. Ry. Co.* v. *Superior Court,* 127 Cal. 417 [59 Pac. 789]; *Vosburg* v. *Vosburg,* 137 Cal. 493 [70 Pac. 473].)   Sec-tion 1068 of the Code of Civil Procedure provides that a writ of review may be granted when an inferior tribunal has exceeded its jurisdiction, "and there is no appeal, nor, in the judgment of the court, any plain, speedy, and ade-quate remedy."   In *Hildebrand* v. *Superior Court,* 173 Cal. 86, 89 [159 Pac. 147, 149], it is said: "It has uniformly been held by this court, in accord with the provisions of section 1068 of the Code of Civil Procedure, that if a party has a right of appeal from an order in excess of jurisdiction, he cannot have such order reviewed in *certiorari* proceed-ings."

The proceeding is dismissed.

Plummer, J., and Hart, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 10, 1924.

All the Justices concurred, except Myers, C. J., who deemed himself disqualified.