BOVIARD SUPPLY CO. et al. v. HARRIS, Dist. Judge.

No. 19213. Opinion Filed June 5, 1928.

(Syllabus.)

1. **Prohibition—Exercise of Unwarranted Judicial Power in Restraining Sale of Property Under Execution.**

The district court exercises unwarranted judicial power in restraining the sale of property under proper execution issued upon a valid judgment, merely by virtue of its general jurisdiction and for the purpose of the court's indefinite retention and operation of property subject to execution, and on the ground of benefit to junior judgment lien creditors, when such continued operation is at the delay and risk of those who have superior judgment liens.

2. **Same—Right to Writ of Prohibition.**

Where an unwarranted application of judicial force is exercised, the writ of prohibition may issue.

Original action for writ of prohibition by the Boviard Supply Company and others against Thomas S. Harris, Judge of the District Court of Creek County. Writ granted.

Hughes & Ellinghausen and Don W. Walker, for petitioners.

R. K. Robertson, for respondent.

RILEY, J. This is an original action seeking a writ of prohibition against the respondent to compel him to refrain from interfering with an execution of judgment in favor of petitioners in cause No. 11721, in the district court of Creek county.

It is made to appear on behalf of the Boviard Supply Company, Tulsa Rig & Reel Manufacturing Company, Independent Torpedo Company, Gantz Tank Company, and the Oil Well Supply Company, all corporations duly authorized to transact business in this state, that a judgment lien in cause No. 11721, in the district court of Creek county, was rendered on December 31, 1924, in favor of said petitioners, as well as in favor of others, including the American National Bank. The lien judgment embraced a described oil and gas mining lease, machinery and equipment, belonging to the Glasco Oil Company and others; foreclosure was decreed and payment in order of priority enumerated was ordered. The petitioners' judgment lien was against the whole of the described oil and gas mining lease. The lien of the American National Bank was adjudged against a three-eighths interest. Likewise the lien of petitioners was adjudged prior to the lien judgment of the American National Bank, with exception of $6,380.23 in favor of the Tulsa Rig & Reel Manufacturing Company, and $1,787.84 in favor of the Boviard Supply Company. Subsequent to the rendition of said judgment an order of sale was issued pursuant to said judgment, and a sale was had by the receiver on April 5, 1924, and the B. O. T. Oil Company, acting through W. M. Boviard, H. N. Gardner, and Chas. W. Flint, trustees, purchased at said sale, and thereafter the court confirmed said receiver's sale over objection of said bidders. An appeal was had by petitioners and on October 19, 1926, the order of

the district court confirming said receiver's sale was reversed.

On March 12, 1927, petitioners applied, with other judgment creditors, and an order was entered in the district court directing the receivers to advertise and sell said property pursuant to said judgment and satisfy said liens. Appraisement and advertisement were had. The sale was set for April 16, 1927, but the American National Bank filed objections to the sale, and on April 14, 1927, upon hearing, the respondent, Honorable Thomas S. Harris, district judge, issued an order restraining said receiver and all judgment creditors from selling or offering for sale, from causing any order of sale or execution of sale under said judgment lien to issue until the further order of the court. Said restraining order was based upon the recited ground contained in said order, "on account of the fact that the cut in the price of oil and the consequent condition of the oil market at this time makes it inadvisable to sell said oil and gas mining lease, machinery and equipment at this time; and until conditions in the oil market change for the better." Objections and exceptions were made by petitioners to said orders, and on May 18, 1927, petitioners moved to vacate said order. The motion was overruled. On December 19, 1927, petitioners again moved to vacate said order, and said motion was overruled.

Petitioners contend that said respondent is making an unwarranted application of judicial force in delaying and suspending execution of said judgment rendered December 31, 1924, and that by the nature of the property the same in reasonable probability will decrease in value and that the respective lien claimants are placed in danger of being irreparably damaged. Further, that the effect of said restraining order is to permit junior lien claimants to speculate upon the interest of petitioners without their consent, and in effect to deprive petitioners of their property and property rights without due process of law.

We hold the respondent is not warranted in continuing the receiver in charge of the properties and engaging in the operation of the oil and gas lease to satisfy junior lien claimants at the risk of superior claimants. The effect of such continuance is to delay and possibly to prevent creditors from collecting their just claims. It is not the function of a court through its equity powers to undertake the continuance in management of private or corporate business for the protection or benefit of junior claimants at the risk of superior claimants, when no public

duty is owing. Little Warrior Coal Co. v. Hooper (Ala.) 17 So. 118; Cronan v. Dist. Court (Idaho) 96 Pac. 768.

In Cook on Corporations (5th Ed.) sec. 863, it is said:

"Where, however, the receivership is obtained merely to delay other creditors, the court will discharge the receiver, even though the judgment is a valid one."

In Duncan v. Treadwell Co., 31 N. Y. S. 340, it was held:

"We are not aware of any statute or law which justifies the continuance of a receivership for the purpose of giving the corporation time to raise money to pay its debts."

In Re Philadelphia, etc., R. R., 14 Pa. 501, quoted, it was said:

"The modern practice prevailing to some extent elsewhere of transferring corporate property to the custody of the courts to be thus held and managed for an indefinite period of years to suit the convenience of parties whereby general creditors and stockholders are kept at bay, I regard as a mischievous innovation." Tenn. Ry. Co. v. Atlanta, etc., Ry. (C.C.) 49 Fed. 608, 15 L. R. A. 109; Dellobia v. Winschell (Idaho) 82 Pac. 107, 114 Am. St. Rep. 267.

In Havemeyer v. Superior Ct. (Cal.) 18 A. S. R. 192, it was said:

"Writ of prohibition cannot be denied merely because the applicant might have moved the court to set aside the invalid order of the judgment. Writ of prohibition may issue though there is a remedy by appeal, if that remedy is not adequate."

In Vermont Marble Co. v. Superior Ct. (Cal.) 34 Pac. 326, it was said:

"The superior court has no authority, merely by virtue of its general jurisdiction, to restrain the sheriff from selling property which he has advertised under an execution issued upon a valid judgment. When a plaintiff has obtained his judgment, he is entitled to enforce it, unless it be set aside or modified in due course of law."

It is speculative as to whether finally the property will be worth more than now. Not only is the market price an element affecting the value, but the existence of the property unimpaired is also to be considered. The order staying is an unwarranted exercise of judicial power and before it can be successfully assailed by remedy at law, the stay may have accomplished irreparable injury, rather than intended and speculative benefit.

Let the writ of prohibition issue and be directed to the respondent commanding him to desist from further interfering as here-

tofore with the execution of said judgment in favor of plaintiffs in consolidated causes No. 11721, district court of Creek county.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, and HEFNER, JJ., concur.

Note.—See under (1) 32 Cyc. p. 604. (2) anno. 1 L. R. A. (N. S.) 843; 22 R. C. L. p. 4; 3 R. C. L. Supp. p. 1228; 6 R. C. L. Supp. p. 1309.