[Civ. No. 7495. Second Appellate District, Division Two.—January 16, 1931.]

LOS ANGELES SURETY COMPANY, INC. (a Corporation), Petitioner, v. THE MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Respondents.

A. Brigham Rose for Petitioner.

Charles P. Johnson, City Prosecutor, Joe W. Matherly and John L. Bland, Deputies City Prosecutor, Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

THOMPSON (IRA F.), J.—By this proceeding it is sought to review an order of the municipal court refusing to vacate an order forfeiting bail; and also an order of the superior court denying a peremptory writ of mandate directed to the municipal court commanding it to vacate the order forfeiting bail and lastly to review an order sustaining a demurrer to a petition for a writ of *audita querela.*

The facts essential to a disposition of the proceeding are as follows: The petitioner gave bond for the appearance of Earl Wilson, who had been charged with a violation of the Wright Act (Stats. 1921, p. 79) and whose trial was set for November 1, 1929. The defendant failed to appear for trial and his bail was declared forfeited. The petitioner thereupon instituted a search to determine his whereabouts and if possible to return him to the court for trial. It discovered that on November 21st of the same year Wilson had committed suicide in Port of Spain, Trinidad, British West Indies. Thereupon and within ninety days of the time bail was ordered forfeited, the petitioner made a motion in the municipal court to vacate the forfeiture on the grounds that the disappearance of the defendant was without its connivance or knowledge; that upon ascertaining his default it instituted a search to locate his whereabouts; and that the investigation had disclosed his self-destruction at the time and place already mentioned. The court found these to be the facts, but declared that there was no evidence to satisfactorily or at all excuse the neglect of the defendant to appear for trial and denied the motion. Thereafter petitioner filed a proceeding in mandate in the respondent superior court in which it sought an order commanding the municipal court to vacate the order forfeiting bail. The alternative writ was issued. The respondents appeared by demurrer and after a hearing thereon the demurrer was sustained, and the petition was denied. Subsequently the petitioner also filed in the superior court a petition in which it attempted to secure what it denominated a writ of *audita querela.*

The contention of the petitioner is that the death of the defendant and the resulting impossibility of complying with the provisions of section 1305 of the Penal Code excuses

the bail. That section provides that if within ninety days after entry in the minutes of the order declaring the bail forfeited the defendant and his bail appear and satisfactorily excuse the neglect of the defendant and show that his disappearance was not with the connivance of the bail the court may direct the forfeiture of the undertaking to be set aside.

It is unnecessary for us at this time to pass upon the question thus tendered for the reason that we have concluded that the writ of review is not a proper remedy or proceeding in the present instance. From a judgment in the proceeding in *mandamus* the petitioner has an appeal by means of which it is possible for it to present the question fully and thoroughly. In *Knowles* v. *Thompson,* 133 Cal. 245 [65 Pac. 468, 469], we read: "An appeal lies from the judgment of the superior court denying the writ of mandate. (Code Civ. Proc., sec. 939; *Palache* v. *Hunt,* 64 Cal. 474 [2 Pac. 245]; *People* v. *Perry,* 79 Cal. 109 [21 Pac. 423]; *Heinlen* v. *Phillips,* 88 Cal. 559 [26 Pac. 366].) This furnishes a plain, speedy and adequate remedy to the petitioner, in the ordinary course of law. (*Santa Cruz etc. Co.* v. *Supervisors,* 62 Cal. 40.)" It is, of course, fundamental that *certiorari* will not lie when the matter complained of can be corrected on appeal. (*Baird* v. *Justice's Court,* 11 Cal. App. 439 [105 Pac. 259]; *Southern California Ry. Co.* v. *Superior Court,* 127 Cal. 317 [59 Pac. 789].)

Proceedings dismissed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 14, 1931.