[Civ. No. 8203. First Appellate District, Division Two.—March 1, 1932.]

LAVINA TROYER SHERWOOD, Appellant, v. DONALD BEVINS JACKSON, Respondent.

Glensor, Clewe & Van Dine and Glensor, Clewe, Schofield & Van Dine for Appellant.

Jefferson E. Peyser for Respondent.

STURTEVANT, J.—Heretofore the plaintiff and and defendant were partners; an application to dissolve the partnership was presented to the court and a receiver was appointed; after the appointment of the receiver, the plaintiff, who had theretofore been the managing partner, was named as manager under the receiver; while so acting she suffered personal injuries caused by the defendant and commenced an action to recover damages, and in that action she obtained a judgment awarding her $2,005 and costs. No order staying execution was entered. Thereafter on May 22, 1931, the plaintiff appeared *ex parte* in the action brought to dissolve the partnership and obtained an order permitting her to levy execution on the defendant's interest in the partnership; thereafter, without any notice to the defendant, the execution was levied and the interest of the defendant was sold and the plaintiff became the purchaser thereof for the sum of $1,000. On June 12, 1931, in the damage suit, the defendant gave notice of a motion to recall the execution and to quash the execution sale. Later that motion came on for hearing and the trial court granted the motion. From the order granting the motion the plaintiff has appealed.

Within the scope of the defendant's moving papers some questions were presented which were not heard or discussed in the trial court and therefore will not be taken up by this court.

In her opening brief the plaintiff contends (1) the execution sale and the proceedings therefor were in strict accordance with the legal requirements; (2) assuming that the consent of the court in which the dissolution proceedings were

pending was necessary, such consent was obtained and that notice of the application for such consent was not necessary; (3) as the execution sale merely affected the title to the property and did not in any way affect the receiver's possession thereof, no permission to levy the writ of execution was necessary; (4) and that Civil Code, section 2422, has no application. ■ In the view that we take it will not be necessary to discuss anything excepting the fourth point. It is the earnest contention of the plaintiff that there is nothing in the statute, Civil Code, sections 2418–2422, which precluded her from taking the proceedings which she took. With this contention we cannot agree. Section 2418 is as follows: "Extent of property rights of a partner. *The property rights of a partner are* (1) *his rights in specific partnership property,* (2) *his interest in the partnership,* and (3) *his right to participate in the management.*" Section 2419 of the Civil Code, among other things, provides: "Nature of a partner's right in specific partnership property. (1) A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership. (2) The incidents of this tenancy are such that: . . . (c) *A partner's right in specific partnership property is not subject to attachment, or execution,* except on a claim against the partnership." Section 2422 provides: "Partner's interest subject to charging order. (1) On due application to a competent court by any judgment creditor of a partner, *the court* which entered the judgment, order, or decree, or any other court, *may charge the interest of the debtor partner* with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts, and inquiries which the debtor partner might have made, or which the circumstances of the case may require. (2) *The interest charged* may be redeemed at any time before foreclosure, or in case of a sale being directed by the court may be purchased without thereby causing a dissolution: (a) With separate property, by any one or more of the partners." Section 2426 of the Civil Code provides: "Dissolution by decree of court. . . . (2) On the application of the purchaser of a partner's interest under

sections 2421 and 2422: . . . (b) At any time if the partnership was a partnership at will when the interest was assigned or *when the charging order was issued.*" We think that one needs but read the foregoing sections to see clearly that under said sections a partner's right in specific partnership property is neither subject to attachment nor to levy under execution but on the other hand that a creditor is fully protected by the power of a court of competent jurisdiction to "charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt . . . " The plaintiff calls to our attention that the sheriff levied on "all right, title and interest which the defendant . . . " had in the property and did not levy on the property itself. The distinction is not sufficient. The code sections did not permit any levy. The plaintiff asserts that the code sections are not applicable to the instant case. Continuing she says: "On the contrary, if the provisions of the section were applicable in such a case it would visit a penalty upon the innocent partner, in that it would compel him to conduct the partnership business, no matter how grossly his remaining partner had breached his contract of partnership or had otherwise been guilty of misconduct, for the benefit of such guilty partner." To this argument there are two complete answers. One answer is that the statute is entirely free from ambiguity and therefore that there is no room for construction. The other answer is that the statute when applied to the instant case penalizes no one but gives the most complete and effective relief to this plaintiff. In brief, it is hard to understand why the plaintiff did not follow the statute. Her clear remedy is to obtain a charging order. (*Rader* v. *Goldoff*, 223 App. Div. 455 [228 N. Y. Supp. 453].) If she obtains one, and it transpires hereafter that the partnership assets sell for a good figure, then her judgment may be paid in full and the defendant may, perhaps, collect the excess. On the other hand, if the partnership assets bring only a nominal sum, then the plaintiff will not be in the position of having paid $1,000 for property rights of a mere nominal value.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 31, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 28, 1932.