[Civ. No. 8863. First Appellate District, Division Two.—February 16, 1933.]

BELT CASUALTY COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Hugh K. McKevitt and Milton H. Silverberg for Petitioner.

James F. Brennan, Gumpert & Mazzera and George F. Buck, Jr., for Respondents.

STURTEVANT, J.—This is an application for a writ of review. In due time the respondents filed a return. On the record so made up the application has been submitted.

Heretofore Belt Casualty Company commenced an action against William Furman. Sadie Narins and Gertie Miller severally intervened and filed complaints in intervention against Belt Casualty Company. Sadie Narins was awarded a judgment against Belt Casualty Company in the sum of $5,530. From that judgment the defendant in intervention appealed and to stay the judgment pending the appeal on October 19, 1932, it filed an appeal bond in the sum of $11,060 executed by the Benjamin Franklin Bond and Indemnity Corporation, hereinafter called the corporation, on September 28, 1932. Gertie Miller was awarded a judgment against Belt Casualty Company in the sum of $3,158.92 and $14 costs of suit. From that judgment the defendant in intervention appealed and to stay the judgment pending the appeal on October 19, 1932, it filed an appeal bond in the sum of $6,318.12, executed by the corporation September 29, 1932. Thereafter on November 1, 1932, the interveners served a notice that on November 14, 1932, they would move the court for an order striking from the files the said bonds and for an order directing that execution should issue. On November 14, 1932, there were filed in the court two bonds executed by the same corporation on September 29, 1932, which are, with two exceptions, copies of the first two. In the case of Gertie Miller the second bond is in the sum of $6,345.84 instead of $6,318.12, the amount stated in the first one. The first two bonds recited that the appeals were taken to the District Court of Appeal, whereas the last two bonds named the Supreme Court. On November 21, 1932,

the court caused a minute order to be entered that the motion for issuance be granted unless within ten days from the date of the order a good and valid bond be executed and filed. There is in the record a copy of an order by the insurance commissioner dated October 18, 1932, suspending the certificate of authority of the corporation; there is also an order by the insurance commissioner dated October 19, 1932, certifying that the corporation has again been authorized to transact business; and then there is another order by the insurance commissioner dated November 10, 1932, stating that the certificate of authority of the corporation has been suspended.

Resisting the application, the respondents assert that an order directing that execution issue is a special order made after judgment and is therefore appealable (Code Civ. Proc., sec. 963) and, that being so, an application for a writ of review will not be granted to review such an order. The assertion must be sustained. (*Southern Cal. Ry. Co.* v. *Superior Court,* 127 Cal. 417 [59 Pac. 789]; *Martin* v. *Miller,* 65 Cal. App. 581, 583 [224 Pac. 783]; *Los Angeles Surety Co., Inc.,* v. *Municipal Court,* 111 Cal. App. 133, 135 [295 Pac. 591].)

The proceeding is dismissed.

Spence, Acting P. J., and Goodell, J., *pro tem.,* concurred.