[Civ. No. 10599.   Second Appellate District, Division Two.—December 5, 1935.]

CITIZENS NATIONAL TRUST & SAVINGS BANK OF LOS ANGELES (a National Banking Association), Appellant, v. WALTER L. McNENY, etc., Respondent.

Paul J. Otto and Paul E. Iverson for Appellant.

Shaw & Bailey and Charles D. Shaw for Respondent.

McCOMB, J., *pro tem.*—This is an appeal by plaintiff from an order granting defendant's motion to quash an execution, recall an execution and attachment and vacate a judgment entered against defendant.

Plaintiff filed this action to collect the balance due on a promissory note executed in its favor by defendant. A writ of attachment was issued and served on Weatherford W. Touchstone garnisheeing all moneys, etc., in his possession belonging to the defendant. He made a return to the sheriff showing there was in his possession (a) $688.13 belonging to the defendant and (b) a promissory note signed by Albert J. Wallace, in which defendant had an undivided forty-five per cent interest.

The sole question presented for determination is:

*Was either (a) the sum of $688.13 or (b) the undivided forty-five per cent interest in the promissory note signed by Albert J. Wallace partnership property of defendant and the garnishee?*

Defendant had been a partner of Weatherford W. Touchstone in the real estate business prior to October 1, 1931. On this date defendant and Touchstone entered into an agreement dissolving their partnership. The agreement provided, among other things, that, if certain transactions were consummated which the partnership had previously negotiated, defendant should receive a certain percentage of any commissions received by Touchstone. The cash and interest in the promissory note which the garnishee returned to the sheriff as property belonging to defendant represented a portion of defendant's share of commissions collected by Touchstone subsequent to October 1, 1931.

490

■ The partnership was not terminated by its dissolution, but continued during the winding up of the partnership affairs. (Sec. 2424, Civ. Code.) Hence the property which Touchstone returned as being in his possession belonging to defendant was partnership property and as such not subject to attachment or execution upon a claim against defendant individually. (Sec. 2419, subsec. (2) (c), Civ. Code; *Sherwood* v. *Jackson*, 121 Cal. App. 354 [8 Pac. (2d) 943].)

The order appealed from is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 26, 1935.