[L. A. No. 24936.   In Bank.   Feb. 18, 1959.]

THELMA E. BAUM, Appellant, v. ERNEST M. BAUM, Respondent.

Ray Howard for Appellant.

Benjamin P. Riskin for Respondent.

SCHAUER, J.—This is a motion by defendant to dismiss plaintiff's appeal on the ground that "the order appealed from i.e. the denial of the motion by the appellant for the appointment of a receiver is not an appealable order." On inspection of the record it appears that the order in question did not merely refuse appointment of a receiver but, rather, denied plaintiff's motion seeking a charging order under the provisions of section 15028[1] of the Corporations Code. Consequently it related to enforcement of the judgment and was appealable as a "special order made after final judgment." (Code Civ. Proc., § 963.)

Defendant and plaintiff were formerly husband and wife. Plaintiff moved in the trial court "That an order be made charging defendant's interest in the partnership of J. H. Baum & Sons, as provided in Section 15028[1] of the Corporations Code, with the sum of $1,055 [as accrued alimony] . . . and with the sum of $515 [as accrued child support] . . .,

---

[1]Section 15028: "(1) On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts, and inquiries which the debtor partner might have made, or which the circumstances of the case may require.

"(2) The interest charged may be redeemed at any time before foreclosure, or in case of a sale being directed by the court may be purchased . . ."

said sums being those with which said partnership interest was ordered impressed by order of December 7, 1956 . . .; and so charging said interest with a reasonable attorney's fee for services performed in this proceeding . . .; and so directing that a receiver be appointed, and that such lien be foreclosed, and that a sale of said interest be had, all as provided in said Section 15028 of the Corporations Code, and that such other orders be made with respect to said partnership interest as may be proper . . .'' In plaintiff's written notice of motion the above motion for a charging order under section 15028 of the Corporations Code was entitled as being one ''To Appoint a Receiver of, and/or Order a Sale of Defendant's Partnership Interest, etc. . . .''

By minute order entered September 5, 1957, the court, following argument, denied ''plaintiff's motion to appoint a Receiver and/or order a sale of defendant's partnership interest, etc. . . .'' Plaintiff's notice of appeal recites that she appeals from the September 5 minute order denying her motion ''to appoint a receiver of, and/or order a sale of defendant's interest in the partnership of J. H. Baum & Sons, charging said interest under Section 15028 of the Corporations Code . . .''

It is thus plain from the record that plaintiff's appeal is from a denial of her motion seeking a charging order and not merely from an order denying the appointment of a receiver. Defendant's suggestion that from the fact that, as recited in plaintiff's motion for a charging order, etc., the court had already ordered defendant's partnership interest ''impressed'' with the sums owing to plaintiff, it follows that a charging order had already been granted and that therefore this appeal is only from an order refusing to appoint a receiver, is without merit. ■ The court has general power to make a support allowance a lien on property (see *Gaston* v. *Gaston* (1896), 114 Cal. 542, 546 [46 P. 609, 55 Am.St.Rep. 786]; 16 Cal.Jur.2d, 527, § 237, and cases there cited), and no showing has been made that it was not merely in the exercise of such general power that the order was made ''impressing'' defendant's partnership interest in this case. ■ Further, it appears that an order making support payments a lien upon property does not constitute either the equivalent of a writ of execution (see *Anderson* v. *Anderson* (1899), 123 Cal. 445 [56 P. 61]; *Wellborn* v. *Wellborn* (1942), 55 Cal.App.2d 516, 523 [131 P.2d 48]) or of a charging order. As hereinafter shown charging orders on partnership interests

have replaced levies of execution as the remedy for reaching such interests.

Section 15028 of the Corporations Code[1] (formerly Civ. Code, § 2422) is a part of the Uniform Partnership Act. (See Corp. Code, § 15001.) ■■ As declared in Crane on Partnership (1938), pages 162-164, "The Uniform Partnership Act provides, as a remedy for the separate creditor,[2] a charging order, an institution which was derived from the English Partnership Act. . . ." And from Lindley on Partnership, 10th edition, page 431, it appears that "Before the [English] Partnership Act, 1890, came into operation, a separate judgment creditor of a partner was entitled to levy execution not only against his debtor's separate property, but also against the property of any firm in which the debtor was a partner . . . This procedure has been abolished by the Partnership Act, 1890, and a new procedure [viz., a charging order, on application to the court by a judgment creditor of a partner, charging that partner's interest in the partnership property and profits with payment of the judgment] . . . has been introduced."

In *Sherwood* v. *Jackson* (1932), 121 Cal.App. 354 [8 P.2d 943], in which a separate judgment creditor had levied execution on defendant's interest in a partnership and purchased the interest at the execution sale, defendant's motion to recall the execution and to quash the sale was granted by the trial court. On appeal by plaintiff the order granting the motion was affirmed, with the holding that a separate creditor may no longer levy attachment or execution on a partner's right in specific partnership property (Corp. Code, § 15025, subd. (2) (c), formerly Civ. Code, § 2419) or on his interest in the partnership (see Corp. Code, § 15024, formerly Civ. Code, § 2418), but may only, after first obtaining judgment, pursue the statutory remedy of seeking a charging order under section 15028 of the Corporations Code (formerly Civ. Code, § 2422).

In the Sherwood case no question appears to have been raised as to the appealability of the order from which plaintiff appealed (recalling execution and quashing execution sale) ; it presumably was assumed, without discussion, to be a "special order made after final judgment" within the meaning of

---

[1]See page 611 for note.

[2]That is, a creditor of an individual partner as distinguished from a creditor of the partnership.

section 963 of the Code of Civil Procedure, which lists the cases in which an appeal may be taken from a superior court.

However, the order in the Sherwood case would appear to meet the requirement that to be appealable a ''special order made after final judgment'' must affect the judgment in some manner or relate to its enforcement. (See *Imperial Beverage Co.* v. *Superior Court* (1944), 24 Cal.2d 627, 632 [3] [150 P.2d 881]; *Williams* v. *Superior Court* (1939), 14 Cal.2d 656, 666 [9] [96 P.2d 334]; *Lake* v. *Harris* (1926), 198 Cal. 85, 89 [3] [243 P. 417]; *McCullough* v. *Clark* (1871), 41 Cal. 298, 303; 3 Cal.Jur.2d 497-499, and cases there cited.) ▮ Thus an order under section 685 of the Code of Civil Procedure granting or denying leave to enforce a judgment or to carry it into execution after the lapse of five years (now 10 years; Stats. 1955, chap. 754, p. 1248, § 2) from the date of its entry is appealable as a special order made after judgment (see *Faias* v. *Superior Court* (1933), 133 Cal.App. 525, 529-530 [6, 8] [24 P.2d 567]; *Belt Casualty Co.* v. *Superior Court* (1933), 129 Cal.App. 642, 644 [19 P.2d 25]; see also the following cases, where no question appears to have been raised as to appealability, *Georgison* v. *Georgison* (1954), 43 Cal.2d 550 [275 P.2d 3]; *Di Corpo* v. *Di Corpo* (1948), 33 Cal.2d 195, 197 [200 P.2d 529]; *John P. Mills Organization* v. *Shawmut Corp.* (1947), 29 Cal.2d 863 [179 P.2d 570]; *Lohman* v. *Lohman* (1946), 29 Cal.2d 144, 146 [173 P.2d 657]), as is an order vacating an order that the execution issue and recalling it. (See *Demcns* v. *Huene* (1928), 89 Cal.App. 748, 751-752 [2] [265 P. 389].) Appeals have also been entertained from orders granting or denying motions to recall or quash a writ of execution (see *Di Corpo* v. *Di Corpo* (1948), *supra,* 33 Cal.2d 195, 197; *Cozad* v. *Raisch Improvement Co.* (1929), 208 Cal. 496 [281 P. 1017]; *Hulse* v. *Davis* (1927), 200 Cal. 316 [253 P. 136]; *Montgomery* v. *Meycrstein* (1924), 195 Cal. 37, 39 [231 P. 730]; *Smith* v. *Smith* (1940), 42 Cal.App.2d 19 [108 P.2d 47]; 19 Cal.Jur.2d 377-378, § 39), as well as from orders staying the enforcement of judgments, or orders vacating orders staying such enforcement. (See *Macario* v. *Macario* (1929), 208 Cal. 601, 603 [283 P. 291]; *Duke* v. *Levy* (1929), 208 Cal. 376, 377 [281 P. 496]; *Livermore* v. *Hodgkins* (1880), 54 Cal. 637; *Gray* v. *Bybee* (1943), 60 Cal.App.2d 564, 567 [141 P.2d 32]; 19 Cal.Jur.2d 386-387, § 44; 3 Cal.Jur.2d 497-499, § 61; and cases there cited.) ▮ Thus, it appears that an order made after final judgment which affects enforcement of the judgment, whether such order favors the

judgment creditor or the judgment debtor, is appealable. Therefore an order either granting or denying a judgment creditor's motion for a charging order under the provisions of section 15028 of the Corporations Code would fall within this class of appealable orders. It follows that insofar as the ground of nonappealability is concerned defendant's motion to dismiss the appeal of plaintiff from the order denying her motion for a charging order, should be denied.

Defendant further urges as grounds of his motion to dismiss the appeal "That from an inspection of the record without extensive study it is clear that no relief can be given to the appellant on this Appeal," that the "questions so presented" are "so unsubstantial as not to require the printing of briefs," that "No substantial questions of law have been presented upon the record," and that "There is no showing upon this record . . . that there has been an abuse of discretion by the Trial Court in denying the motion made for the appointment of a receiver." These arguments appear to require determination of the matter on its merits rather than to constitute proper grounds for dismissal. We have made "an inspection of the record without extensive study," and have not been convinced that no "substantial questions" are presented thereby.

The motion to dismiss is denied.

Gibson, C. J., Shenk, J., Traynor, J., Spence, J., and McComb, J., concurred.