George M. Carney, J.
This action was commenced by the plaintiff Beckley against the defendants seeking a declaratory judgment as to the rights of the respective parties in a certain partnership operating as the D. B. S. Wine & Liquor Store Company. Each defendant in answering also seeks a declaratory judgment. The defendants Speaks also interpose a counterclaim against defendant Milburne and plaintiff Beckley. Defendant Milburne counterclaims for an accounting and for judgment against the plaintiff for moneys expended by her on behalf of and for the benefit of the plaintiff.
On or about June 26, 1945, Dorothy P. Beckley, F. Douglas Speaks and Sarah P. Speaks formed a partnership, known as the D. B. S. Wine and Liquor Store Company. The partnership was formed to conduct a retail liquor store at 470 Convent Avenue, New York City. Dorothy Beckley, a sister of Sarah Speaks, lived in Washington, D. C., and the active management of the business was apparently in the hands of Sarah Speaks.
According to the pleadings, on or about April 24, 1957, one Martin S. Zisser obtained a personal judgment in the Municipal Court against both Speaks. Upon execution being returned unsatisfied in the sum of $1,039.95, the creditor made application pursuant to section 54 of the Partnership Law, for an order, charging the interests of the two Speaks in the D. B. S. Wines & Liquors with the payment of the judgment. The application sought an order charging the interests of F. Douglas Speaks and Sarah P. Speaks in the partnership with the payment of the judgment and for the sale of the assets of the firm and for the appointment of a receiver of the Speaks’ share of the profits. As a result of that application, and on default, an order was *243 entered in the Supreme Court on December 31, 1958 providing that the interests of the two Speaks in the partnership be charged with the payment of the judgment and appointing a receiver of ‘1 the share of the profits of F. Douglas Speaks and Sarah P. Speaks * * * and of any other money due or to become due ” to the Speaks “ in respect of the partnership.” The order further provided that the receiver sell at public auction or otherwise “ the partnership interests of said F. Douglas Speaks and Sarah P. Speaks or either of them,” and turn the proceeds over to the petitioner, the judgment creditor. On February 9, 1959 an order was entered which modified the above order of December 31,1958 by providing that the receiver post a surety bond.
On or about April 20, 1959 the receiver conducted through an auctioneer a public sale of the interests of F. Douglas Speaks and Sarah P. Speaks in the partnership. One Murrain acting as agent of defendant Milburne purchased said interests for the sum of $3,050. The sale and receiver’s account was subsequently confirmed. It is conceded by all parties involved, that at the time of sale, the one valuable asset of the partnership was the liquor license. Although Dorothy P. Beckley was alive when the above sale took place, she died on August 16,1959.
The liquor license issued to the partnership for the year 1959 expired on March 10, 1960. In February, 1960, defendant Milburne, claiming to own a two-thirds interest in the partnership, filed an application for a renewal of the license. This application when filed bore the signature of plaintiff Beckley. At the trial plaintiff testified that when he signed the application, no one else had yet signed it and he gave it to his then attorney who was to turn it over to the Speaks who were to sign it also and submit it for approval. He claims he never met defendant Milburne before the trial and never authorized the filing of the application with Milburne’s name on it. I believe his testimony on this subject. On or about March 1, 1960, the two Sneaks on their behalf and on behalf of the estate of Dorothy Beckley also filed an application for a renewal of the liquor license. Because of the conflict of claims as to who was entitled to file for renewal, the State Liquor Authority refused to issue a license to anyone until there was a judicial determination as to the respective rights of the parties.
It is the contention of the plaintiff and of the defendants Sneaks, that the defendant Milburne did not acquire by virtue of the sale, any interest in any specific partnership prooerty. nor anv right to participate in the business of the partnership. They further claim that the defendant Milburne did not acquire any *244 rights in the liquor license nor any right to file for renewal. The defendant Milburne, on the other hand, claims not only that she is entitled to file for renewal of the liquor license, but that by virtue of the purchase at the sale, she is now a two-thirds owner of the partnership. At the present time, and since August 16, 1959, when the partner Dorothy Beckley died, the partnership was dissolved by virtue of subdivision 4 of section 62 of the Partnership Law. Although the partnership was dissolved by this death, it is still in existence and may be continued for a reasonable time in order to wind up the business of the partnership. The surviving partners, the Speaks, have the right to control and use the partnership property in carrying it on to a reasonable termination. The executor of the deceased partner has no right to interfere in the proper winding up of the partnership. The deceased partner’s estate of course is entitled to an accounting at least from the date of death to the date of termination. The partnership is not properly terminated until all the assets, including the liquor license, are realized upon. In the absence of some ag’reement between all the contending parties herein the only method by which the value of the liquor license could be reduced to cash would be by the surviving partners obtaining a renewal of the licenses and then selling the business as a going business, with, of course, the approval of the State Liquor Authority. Until this has been done, it cannot be said that the partnership business has been properly terminated.
By the order of this court ordering a sale, no specific partnership property could be sold. In fact, the judgment against the Speaks was a personal one, not against the partnership.
Section 50 of the Partnership Law, entitled “Extent of property rights of a partner ”, provides that the property rights of a partner are (a) his rights in specific partnership property, (b) his interest in the partnership, (c) his right to participate in the management. By section 51, a partner’s right in specific partnership property is not subject to execution or attachment, unless the claim be one against the partnership. By section 52 of the Partnership Law the nature of a partner’s interest in the partnership is defined as “ A partner’s interest in the partnership is his share of the profits and surplus and the same is personal property.” It follows therefore that when the order of the court dated December 31, 1958 and as modified February 9,1959 provided that the “ interests ” of F. Douglas Speaks and Sarah P. Speaks be charged with the payment of the judgment, the court was using the word “interests” as defined under section 52 of the Partnership Law. Where in that order the court decreed that the receiver sell at public auction the ‘ ‘ part *245 nership interests ” of said F. Douglas Speaks and Sarah P. Speaks, that phrase ‘ ‘ partnership interests ’ ’ must be assumed to be that interest defined in section 52, namely, the interests of the Speáks in their share of the profits and surplus. Any sale conducted by an auctioneer which sought to sell more than that permitted by the order of December 31,1958 could not effectively give the purchaser any rights greater than those provided for in the order. The purchaser Milburne, therefore by virtue of the purchase merely bought the interests of the Speaks in their share of the profits and surplus, if any. Milburne, therefore, by the purchase did not become a partner and has no right to interfere in the partnership business nor in winding it up, nor to file an application as a partner, for a renewal of the liquor license. She has, of course, the right to demand and obtain an accounting so that the profits and surplus, if any, of the Speaks may be determined. If it had been necessary she could have sought a dissolution under section 63 of the Partnership Law. However, as noted before, the partnership was dissolved by the death of Dorothy P. Beckley.
The defendant Milburne has no right to file an application for a renewal of the liquor license issued herein, as she did not become a partner by virtue of the auction sale. Nor did the defendant Milburne acquire title to any specific partnership property by virtue of the sale herein.
It is the court’s opinion that the two Speaks, as surviving partners, are the only persons entitled to file for renewal of the liquor license. This would be a preliminary step, so that the business could then be sold and the assets of the partnership reduced to cash. Although the executor of Beckley contends that he is entitled to file for a license that is not correct. If he and the Speaks were entering into a new partnership, this, of course, could be done with the consent of the Liquor Authority. But they could not enter into a new partnership, appropriate the only real asset of the old partnership, namely, the liquor license, and thereby defeat the rights of Milburne. Milburne in the absence of some agreement to the contrary, is entitled to a termination of the partnership and an accounting thereafter. She did acquire the interests of the Speaks in the profits and their share of the surplus if any after a winding up of the business and a termination of the partnership. She also is entitled to an accounting to have these issues determined. The counterclaim of the defendants Speaks against plaintiff Beckley and defendant Milburne is dismissed on the merits. The counterclaim of the defendant Milburne is dismissed except as to the extent indicated herein.
*246 The defendants Speaks have offered to pay to the defendant Milburne the amount expended in making the purchase at the auction sale, together with reasonable attorney’s fees. This retail liquor store has no physical assets of any real value. The .store has not been operating, since no renewal license has been issued for some years. Without the license being renewed, there will be no income, no profits and no surplus. In my opinion there are only two alternatives. Either sell the store, with consent of the State Liquor Authority, or dispose of the claim of Milburne by some equitable adjustment. If no action is taken to properly terminate the business of the partnership and this certainly includes disposing of the Milburne claim, I believe that both the plaintiff and Milburne would be entitled to the appointment of a receiver, authorized to sell, if possible, the business with approval of the State Liquor Authority.