[No. A039366. First Dist., Div. Two. Feb. 27, 1989.]

CROCKER NATIONAL BANK, Cross-complainant and Respondent, v.
JON R. PERROTON, Cross-defendant and Appellant.

2

**COUNSEL**

Jon R. Perroton, in pro. per., for Cross-defendant and Appellant.

Robert B. Kaplan, Joseph N. Demko and Frandzel & Share for Cross-complainant and Respondent.

**OPINION**

**KLINE, P. J.—**

### INTRODUCTION

Jon R. Perroton (Perroton) appeals the denial of his Code of Civil Procedure section 473 motion for an order voiding an order granting Crocker National Bank's motion for sale of Perroton's interest in a limited partnership known as Turn-Key Storage. He contends: (1) the trial court erred in ordering the sale of his partnership interest at an execution sale where the partnership was not the judgment debtor and (2) the order directing sale was precluded by the California Corporations Code and by the partnership agreement itself.

### STATEMENT OF THE CASE/FACTS

In December 1984, respondent Crocker National Bank (Crocker) obtained a judgment against Perroton for $1,431,688.29. Thereafter, on February 6, 1985, the bank obtained an order pursuant to Corporations Code

section 15673, charging Perroton's interest in the limited partnership known as California Self Storage with payment of the unsatisfied judgment plus interest. The charging order was subsequently corrected nunc pro tunc to change the name of the partnership to Turn-Key Storage doing business as California Self-Storage.

As of November 1985, Crocker had received no monies as a result of the charging order against Turn-Key Storage. Therefore, on November 26, 1985, Crocker moved for an order of sale of Perroton's interest in Turn-Key Storage. Notice was served on Perroton, the only limited partner, in care of the Federal Metropolitan Correctional Center in Tuscon, Arizona, where he was a prisoner. Notice was also served on counsel for Perroton's mother, Bette Perroton, the only general partner of Turn-Key Storage.

No opposition was filed to the motion for sale. Bette Perroton filed a statement of "conditional non-opposition" to the sale.[1]

After hearing on January 7, 1986, the limited interest in Turn-Key Storage was ordered sold. Perroton, Bette Perroton as general partner, and counsel for the general partner received notice of the order for sale of Perroton's interest in the limited partnership on January 27, 1986.

Approximately 15 months later, on April 22, 1987, Perroton moved pursuant to Code of Civil Procedure section 473, to void the order of sale. This motion was filed after Perroton had filed for bankruptcy and after Crocker had obtained relief from the automatic stay in the bankruptcy to allow it to sell the limited partnership interest of Perroton in Turn-Key Storage.

Perroton's motion to void the order of sale was denied on June 1, 1987. Perroton filed a notice of appeal on June 23, 1987.

---

[1] According to this declaration: "4. The Partnership does not object to the sale of Jon Perroton's partnership interest at Sheriff's Sale as sought by Crocker Bank provided that the rights of the purchaser at such sale are limited as set forth in the Stipulation and Order and amendment to Certificate of Limited Partnership as described above; to wit, the succcessor [sic] would have the rights to profits and losses but would not become a substituted limited partner in the Partnership."

## DISCUSSION

### I.

### *The Court Did Not Abuse Its Discretion in Denying Perroton's Motion to Void the Prior Order of Sale*

■ "A motion for relief under section 473 is addressed to the sound discretion of the trial court and an appellate court will not interfere unless there is a clear showing of an abuse. [Citation.] . . . [T]he moving party has the burden of showing good cause. [Citations.]" (*Davis* v. *Thayer* (1980) 113 Cal.App.3d 892, 904 [170 Cal.Rptr. 328].) ■ If the Corporations Code absolutely bars the sale of a partnership interest in satisfaction of a debt of an individual partner, abuse of discretion would be established.[2] However, under the facts presented, we conclude that the order of sale was not void. Hence, the court did not abuse its discretion in denying Perroton's motion.

■ "A creditor with a judgment against a partner but not against the partnership ordinarily cannot execute directly on partnership assets or on the partner's interest in the partnership." (Advising California Partnerships 2d (Cont.Ed.Bar 1988) § 6.88, p. 428, citing Code Civ. Proc., § 699.720; see also Corp. Code, § 15025, subd. (2) (c).)[3] The reasons for the rule were discussed at some length in *Taylor* v. *S & M Lamp Co., supra,* 190 Cal.App.2d 700, 707-708: "Prior to California's adoption of the Uniform Partnership Act (Corp. Code, § 15001 et seq.) a judgment creditor of a partner whose personal debt, as distinguished from partnership debt, gave rise to the judgment, could cause a sale at execution of partnership assets,

---

[2] If the order of sale were void, abuse of discretion would be established, unless the court denied the section 473 motion for some procedural reason, such as lack of timeliness. Crocker does not contend that Perroton's motion was untimely. It appears the motion was made pursuant to the last sentence in the statute which provides: "The court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order." (Code Civ. Proc., § 473.) Unlike that part of the statute allowing relief from a judgment or order taken by mistake, inadvertence, surprise or excusable neglect, no time limits are provided for applications for relief from a void order.

[3] Code of Civil Procedure section 699.720 lists among the types of property not subject to levy under a writ of execution, "(2) The interest of a partner in a partnership where the partnership is not a judgment debtor." Corporations Code section 15025, subdivision (2) (c) provides in relevant part: "A partner's right in specific partnership property is not subject to enforcement of a money judgment, except on a claim against the partnership."

Courts have allowed the creditor to execute directly on partnership assets in a few situations, such as where partnership assets have been transferred in fraud of creditors. (See *Taylor* v. *S & M Lamp Co.* (1961) 190 Cal.App.2d 700, 708, 711 [12 Cal.Rptr. 323]; 8 Witkin, Cal. Procedure (3d ed. 1985), Enforcement of Judgment § 290, pp. 249-252; Advising California Partnerships, *supra,* § 6.88, p. 428.) No allegation of such attempt at fraudulent transfer has been made here.

including specific items of partnership property, to satisfy his judgment. [Citation.]

". . . . . . . . . . . . . . . . . . .

"Lord Justice Lindley gave the following reason for the English rule forbidding execution sale of a partner's interest in the partnership to satisfy his nonpartnership debt:

" 'When a creditor obtained a judgment against one partner and he wanted to obtain the benefit of that judgment against the share of that partner in the firm, the first thing was to issue a *fi. fa.*,[4] and the sheriff went down to the partnership place of business, seized everything, stopped the business, drove the solvent partners wild, and caused the execution creditor to bring an action in Chancery in order to get an injunction to take an account and pay over that which was due the execution debtor. A more clumsy method of proceeding could hardly have grown up.' (28 Wash.L.Rev. 1; see also 9 Cal.L.Rev. 117.)

"It was to prevent such 'hold up' of the partnership business and the consequent injustice done the other partners resulting from execution against partnership property that the quoted code sections and their counterparts in the Uniform Partnership Act and the English Partnership Act of 1890 were adopted. As we view those code sections they are not intended to protect a debtor partner against claims of his judgment creditors where no legitimate interest of the partnership, or of the remaining or former partners is to be served."

Therefore, a judgment creditor must seek a charging order to reach the debtor partner's interest in the partnership. (See Corp. Code, §§ 15028, 15522, 15673; Code Civ. Proc., §§ 699.720, 708.310-708.320; Advising California Partnership, *supra,* § 6.88, pp. 428-429.) Through a charging order, the court may charge the debtor's interest in the partnership with payment of the unsatisfied judgment, plus interest. The court may also appoint a receiver of subsequent profits or other money due to the debtor partner. (Corp. Code, § 15028, subd. (1).)[5]

---

[4] The abbreviation for *fieri facias*, literally "that you cause to be made," the term used to describe a writ of execution commanding the sheriff to levy and make the amount of a judgment from the goods and chattels of the judgment debtor. (Black's Law Dict. (4th ed. 1968 rev.) p. 754.)

[5] Corporations Code section 15028 provides in relevant part: "(1) On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to

■ Perroton concedes the validity of the charging order obtained by Crocker. He contends, however, that under the foregoing statutory scheme, the court may not order sale of his partnership interest at execution sale. We conclude that the authorities support the order for sale of a judgment debtor partner's partnership interest as distinct from the property of the limited partnership, where the creditor has shown that it was unable to obtain satisfaction of the debt under the charging order, and where the remaining partner, here the general partner Bette Perroton, has consented to the sale.

■ It is clear that "the limited partner is given no property interest in the specific partnership assets as such. Rather, he is entitled, among other things, 'to receive a share of the profits or other compensation by way of income, and to the return of his contribution . . . .' (§ 15510, subd. (2).)." (*Evans* v. *Galardi* (1976) 16 Cal.3d 300, 306-307 [128 Cal.Rptr. 25, 546 P.2d 313], fn. omitted.) "[T]he limited partner has no interest in the partnership property by virtue of his status as a limited partner. Thus, such assets are not available to satisfy a judgment against the limited partner in his individual capacity. [Citation.]" (*Id.,* at p. 307; Corp. Code, § 15671.) "[T]he very nature of the limited partner's relationship with the business organization indicates that he has no property interest in the specific partnership assets which would render them available to his personal creditors." (*Evans* v. *Galardi, supra,* at p. 308.)

■ The question remains whether, nevertheless, the court may order sale of the debtor's partnership interest itself as distinct from the partnership assets in the circumstances presented here. We think the answer is yes.

Corporations Code section 15028 itself, which sets forth the creditor's charging order remedy, refers to the possible court ordered sale of a

---

fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require. [¶] 2. The interest charged may be redeemed at any time before foreclosure, or in case of a sale being directed by the court may be purchased without thereby causing a dissolution: [¶] (a) With separate property, by any one or more of the partners, or [¶] (b) With partnership property, by any one or more of the partners with the consent of all the partners whose interests are not so charged or sold. [¶] (3) Nothing in this act shall be held to deprive a partner of his right, if any, under the exemption laws, as regards his interest in the partnership."

Corporations Code section 15673 provides with respect to limited partnerships: "On application to a court of a competent jurisdiction by any judgment creditor of a partner, the court may charge the limited partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the limited partnership interest. This chapter does not deprive any partner of the benefit of any exemption laws applicable to the partner's limited partnership interest."

partnership interest which is subject to a charging order. Subdivision (2) provides: "The interest charged may be redeemed at any time before foreclosure, or *in case of a sale being directed by the court* may be purchased without thereby causing dissolution: [¶] (a) With separate property, by any one or more of the partners, or [¶] (b) With partnership property, by any one or more of the partners with the consent of all the partners whose interests are not so charged or sold." (Italics added.) Referring to this provision, an authoritative treatise on California partnerships states as follows: "The judgment creditor does not own the partnership interest by virtue of the charging order but may become the owner by foreclosing the interest. Any of the other partners may, however, redeem the interest before foreclosure *or court-ordered sale,* using their individual property or partnership property if all the partners other than the debtor consent." (Advising California Partnerships, *supra,* at p. 429, italics added.)

Cases requiring creditors to obtain charging orders also indicate that sale of the partnership interest is permissible where the creditor has first obtained a charging order and has demonstrated that monies collected under the charging order are insufficient to satisfy the judgment.

In *Evans* v. *Galardi, supra,* 16 Cal.3d 300, the court refused to allow a levy on partnership assets to satisfy a partner's debt. The court required the creditor to use the charging order instead. However, in so holding, the court stated: "Where, as in the instant case, the partnership is a viable business organization and plaintiff does not show that he will be unable to secure satisfaction of his judgment by use of a charging order or by levy of execution against the debtors' other personally owned property, there is no reason to permit deviation from the prescribed statutory process." (*Id.,* at p. 311.) The clear implication is that such levy and sale may, in certain circumstances be permitted even in the absence of fraud.

In *Taylor* v. *S & M Lamp Co., supra,* 190 Cal.App.2d 700, the creditor obtained a charging order and thereafter without obtaining any court order supplementing the charging order, obtained a writ of execution on his judgment against two partners and caused the sheriff to levy on all the beneficial interests of the two partners in the partnership. The trial court memorandum of opinion read: " 'The charging order . . . impressed a lien on the interests of Ben and Eugene Stephens in the partnership, but the proceeding thereafter followed by plaintiff did not conform to the law. Another order could have been obtained directing the sale of said interests.' " (*Id.,* at p. 710.) The Court of Appeal termed the trial court memo "a correct statement of the law as applied to the ordinary case," where the partnership continues and where no fraudulent transfer is made. (*Ibid.*)

Thus, both the Corporations Code and the cases seem to contemplate that a court may authorize sale of the debtor partner's partnership interest even in the absence of fraud, where three conditions are met: first, the creditor has previously obtained a charging order; second, the judgment nevertheless remains unsatisfied; and third, all partners other than the debtor have consented to the sale of the interest.

The concerns which form the basis for the exemption of partnership interests and property are satisfied by this procedure. Allowing sale in such instance is consistent with the purpose of these code sections to avoid disruption to the partnership business and with the observation of *Taylor* that the sections "are not intended to protect a debtor partner against claims of his judgment creditors where no legitimate interest of the partnership, or of the remaining or former partners is to be served." (190 Cal.App.2d at p. 708.)

## II.

*Because the Sale Is of the Limited Partner's Interest in the Partnership and the Remaining Partner Has Consented, the Order of Sale Does Not Violate the Partnership Agreement*

■ Perroton contends that the order of sale was void as it was inconsistent with the terms of the limited partnership agreement.[6] Perroton points out that he is strictly a limited partner; his interest in the partnership is limited by the agreement to 50 percent of the capital and profits; and he has no cognizable or legal "interest" whatsoever in either the real or personal property of the partnership. Further, he argues that as a limited partner, he has no right to be active in the affairs of the partnership, and he may not sell, assign or encumber his interest in the partnership.

"The judgment creditor does not acquire any greater rights than the debtor is entitled to for his own benefit. [Citations.]" (6 West's U. Laws Ann. (1985) U. Limited Partnership Act, Off. Com. to § 28.) Just as a charging order cannot grant the creditor a greater interest in the partnership than that of the debtor partner at the time of the order (Corp. Code, §§ 15028, 15673; *Ribero v. Callaway* (1948) 87 Cal.App.2d 135, 138 [196 P.2d

---

[6] The order specifically provides: "It Is HEREBY ORDERED that John Perroton, aka J. Perroton, aka Jon Perroton, aka John R. Perroton, aka *Jon R. Perroton's interest* in Turn-Key Storage, a California Limited Partnership, doing business as California Self-Storage be sold at execution sale pursuant to Code of Civil Procedure Section 701.530 and Sections 701.545-701.830.

"It Is FURTHER ORDERED that the Santa Clara County Sheriff sell *said interest* at execution sale upon the written request of Crocker National Bank upon the receipt of a writ of execution directed against John Perroton, aka J. Perroton, aka Jon Perroton, aka John R. Perroton, aka Jon R. Perroton." (Italics added.)

109]; Advising California Partnerships, *supra,* at p. 429), a supplementary order for sale, does not allow the purchaser to acquire more rights in the partnership than the debtor partner possessed.

Nevertheless, as the Nevada Supreme Court pointed out in rejecting a debtor partner's claim that assignment of his partnership interest was inconsistent with the terms of the partnership agreement: "[T]he partnership agreements could not divest the district court of its powers provided by statute to charge and sell an interest of a partner in a partnership." (*Tupper v. Kroc* (1972) 88 Nev. 146 [494 P.2d 1275, 1280].)

Crocker concedes that the "sale of Perroton's interest in Turn-Key Storage ordered by the superior court is *not* an order for the sale of any real or personal property owned by Turn-Key Storage. To the contrary, it is simply a sale of whatever interest, legal, equitable, or otherwise, which Perroton holds in Turn-Key Storage by virtue of his being a limited partner. The eventual purchaser . . . will acquire no greater rights . . . than Perroton would have if he had remained a limited partner."

Further, both the limited partnership agreement and the consent to the sale by Bette Perroton make clear that a purchaser of Perroton's limited partnership interest would have rights to profits and losses, but would not become a substituted limited partner in the partnership, absent consent by the general partner.

For these reasons, it is apparent that there is no inconsistency between the agreement and the court's order granting Crocker's motion for sale of Perroton's partnership interest.

As we see no statutory prohibition on the sale in these circumstances and sale does not violate the terms of the limited partnership agreement, the court did not abuse its discretion in denying Perroton's Code of Civil Procedure section 473 motion.

The judgment is affirmed.

Smith, J., and Benson, J., concurred.