Opinion
 

 SIMS, J.
 

 In this case, we hold that a judgment debtor’s interest in a partnership (meaning the right to share in the profits and surplus) may be foreclosed upon and sold, even though other partners do not consent to the sale, provided the foreclosure does not unduly interfere with the partnership business.
 

 Judgment debtor John B. Anderson (Anderson) appeals from the trial court’s order authorizing the foreclosure and sale of Anderson’s interest in a California general partnership known as Rancho Murieta Investors (RMI). The foreclosure and sale was requested to enforce a money judgment against Anderson in his individual capacity by judgment creditors Fred N. Hellman,
 
 *541
 
 Peter N. Hellman, Lesleigh A. Hellman, Judith S. Johnson, and D. James Fajack (hereafter collectively referred to as Hellman). Interveners Eureka Federal Savings and Loan Association (Eureka) and Eric J. Tallstrom (Tallstrom) have also appealed the trial court’s order. Eureka is Anderson’s largest creditor. Tallstrom is Anderson’s partner in RMI.
 

 Appellants contend (1) the foreclosure sale is not authorized by law where the partnership is not the judgment debtor and (2) sale cannot be ordered where, as here, the “innocent” partner does not consent. Anderson additionally argues the trial court abused its discretion in ordering foreclosure in this case. We will conclude that such foreclosure is authorized by law and, while consent of nondebtor partners is not an inflexible requirement, the trial court should consider whether foreclosure of a charged partnership interest will unduly interfere with partnership business before the court exercises its equitable powers to order foreclosure. Because the parties in this case relied on authority requiring nondebtor partner consent, no evidentiary showing was made on the effect of foreclosure on partnership business. We therefore reverse the trial court’s order directing foreclosure and remand for the trial court to make a finding whether foreclosure will unduly interfere with partnership business.
 

 Factual and Procedural Background
 

 In 1985 and 1986, Hellman filed lawsuits against Anderson for accounting, breach of contract, breach of fiduciary duty, mandatory injunction, rescission, and fraud. In 1987, Anderson and Hellman settled the suits. Anderson failed to make any of the payments required by the settlement agreements, and in October 1987, stipulated judgments totaling more than $440,000 were entered against Anderson and in favor of Hellman.
 

 In July 1988, after various unsuccessful attempts to enforce the judgments, Hellman obtained an “Order Charging Debtor John B. Anderson’s Partnership Interest” in RMI pursuant to Corporations Code section 15028.
 
 [1]
 
 Anderson owns 80 percent of RMI; Tallstrom owns the other 20 percent and is the managing partner of RMI. The charging order stated that Anderson’s interest in RMI was charged with the unsatisfied judgment in the amount of $494,885 plus interest. Thus, all profits or other monies due Anderson by virtue of the charged partnership interest were thereafter to be conveyed to Hellman.
 

 Despite the above orders, Hellman has not received any monies in satisfaction of the judgments. Anderson testified in an October 1988 debtor’s
 
 *542
 
 examination that RMI had not generated profits and was not expected to do so in the near future.
 

 In December 1988, Hellman filed a motion for an order authorizing and directing a foreclosure sale of Anderson’s charged partnership interest in RMI, based on the unlikelihood that the charging order would result in satisfaction of the judgment within a reasonable time. On December 15, 1989, the trial court ordered that the interest of the judgment debtor in the profits and surplus of RMI would be sold at a public sale by the Sheriff of Yolo County. The trial court retained jurisdiction over all phases of the sale.
 

 All appellants assign error to the trial court’s order directing foreclosure and sale of the partnership interest.
 
 [2]
 

 Discussion
 

 I.
 
 California’s Uniform Partnership Act (§ 15001 et seq.) Authorizes Foreclosure of a Partner’s Charged Interest Without the Consent of the Other Partners
 

 Appellants contend foreclosure of Anderson’s charged interest in RMI is contrary to law. Anderson argues foreclosure was improper because a partnership interest is statutorily exempt from execution. All appellants argue that the trial court cannot order foreclosure unless the nondebtor partners consent.
 

 A.
 
 The applicable statutes authorize the foreclosure of a charged partnership interest.
 

 In
 
 Crocker Nat. Bank
 
 v.
 
 Perroton
 
 (1989) 208 Cal.App.3d 1 [255 Cal.Rptr. 794],
 
 [3]
 
 the First District recently addressed the question whether a charged partnership interest was subject to foreclosure and sale.
 
 Crocker’s
 
 analysis
 
 *543
 
 begins with a summary of the background of the adoption of relevant provisions of the Uniform Partnership Act:
 

 “ ‘A creditor with a judgment against a partner but not against the partnership ordinarily cannot execute directly on partnership assets or on the partner’s interest in the partnership.’ (Advising California Partnerships 2d (Cont.Ed.Bar 1988) § 6.88, p. 428, citing Code Civ. Proc., § 699.720; see also Corp. Code, § 15025, subd. (2)(c).) The reasons for the rule were discussed at some length in
 
 Taylor
 
 v.
 
 S & M Lamp Co.
 
 [(1961)] 190 Cal.App.2d 700, 707-708 [12 Cal.Rptr. 323]: ‘Prior to California’s adoption of the Uniform Partnership Act (Corp. Code, § 15001 et seq.) a judgment creditor of a partner whose personal debt, as distinguished from partnership debt, gave rise to the judgment, could cause a sale at execution of partnership assets, including specific items of partnership property, to satisfy his judgment. [Citation.][
 
 4
 
 ]
 

 “ ‘Lord Justice Lindley gave the following reason for the English rule forbidding execution sale of a partner’s interest in the partnership to satisfy his nonpartnership debt:
 

 “ ‘ “When a creditor obtained a judgment against one partner and he wanted to obtain the benefit of that judgment against the share of that partner in the firm, the first thing was to issue a
 
 fi. fa.
 
 [‘fieri facias’—term used to describe writ of execution commanding the sheriff to levy on goods and chattels], and the sheriff went down to the partnership place of business, seized everything, stopped the business, drove the solvent partners wild, and caused the execution creditor to bring an action in Chancery in order to get an injunction to take an account and pay over that which was due the execution debtor. A more clumsy method of proceeding could hardly have grown up.” (28 Wash.L.Rev. 1; see also 9 Cal.L.Rev. 117.)
 

 “ ‘It was to prevent such “hold up” of the partnership business and the consequent injustice done the other partners resulting from execution against partnership property that the quoted code sections and their counterparts in the Uniform Partnership Act and the English Partnership Act of 1890 were
 
 *544
 
 adopted. As we view those code sections they are not intended to protect a debtor partner against claims of his judgment creditors where no legitimate interest of the partnership, or of the remaining or former partners is to be served.’
 

 “Therefore, a judgment creditor must seek a charging order to reach the debtor partner’s interest in the partnership. (See Corp. Code, §§ 15028, 15522, 15673; Code Civ. Proc., §§ 699.720, 708.310-708.320; Advising California Partnership,
 
 supra,
 
 § 6.88, pp. 428-429.) Through a charging order, the court may charge the debtor’s interest in the partnership with payment of the unsatisfied judgment, plus interest. The court may also appoint a receiver of subsequent profits or other money due to the debtor partner. (Corp. Code, § 15028, subd. (1).)”
 
 (Crocker, supra,
 
 208 Cal.App.3d at pp. 5-6, fns. omitted.)
 

 Crocker
 
 concluded the trial court could order the “sale of a judgment debtor partner’s partnership interest as distinct from the property of the [ ] partnership, where the creditor has shown that it was unable to obtain satisfaction of the debt under the charging order, and where the remaining partner [ ] has consented to the sale.” (208 Cal.App.3d at p. 7.)
 

 Crocker's requirement of nondebtor partner consent will be discussed below. Before reaching that question, we must reexamine another question resolved in
 
 Crocker
 
 : whether foreclosure is authorized at all. Our reexamination is necessary because appellants tender some statutory arguments not considered by
 
 Crocker.
 
 We therefore begin with the basics, discuss the applicable statutes, and conclude
 
 Crocker
 
 correctly decided that court-ordered foreclosure and sale of a charged partnership interest is statutorily authorized.
 

 First, we clarify the nature of the property interest at issue in this case, i.e., Anderson’s interest in the partnership, not in the partnership property.
 

 "A
 
 partner’s right in specific partnership property is not subject to enforcement of a money judgment, except on a claim against the partnership. . . .” (§ 15025, subd. (2)(c).)
 

 However, a partner’s right in specific partnership property is different from his interest in the partnership. “The property rights of a partner are (1) his rights in specific partnership property, (2)
 
 his interest in the partnership,
 
 and (3) his right to participate in the management.” (§ 15024, italics added.) “A partner’s interest in the partnership is his share of the profits and surplus, and the same is personal property.” (§ 15026.)
 

 
 *545
 
 Code of Civil Procedure section 708.310 provides: “If a money judgment is rendered against a partner but not against the partnership, the judgment debtor’s interest in the partnership may be applied toward the satisfaction of the judgment by an order charging the judgment debtor’s interest pursuant to Section 15028 [general partnership] or 15673 [limited partnership] of the Corporations Code.”
 

 Section 15028
 
 [5]
 
 authorizes a charging order on the debtor partner’s partnership interest and further allows the trial court to “make all other orders . . . which the circumstances of the case may require.” (§ 15028, subd. (1); see also 6 West’s U.Laws Ann. (1969) Uniform Partnership Act, § 28.) The statute clearly implies judicial authority to order foreclosure and sale of the charged interest because it further says the interest charged may be redeemed “at any time
 
 before foreclosure, or in case of a sale
 
 being directed by the court” may be purchased by nondebtor partners without causing a dissolution of the partnership. (§ 15028, subd. (2), italics added.) “It is a settled axiom of statutory construction that significance should be attributed to every word and phrase of a statute, and a construction making some words surplusage should be avoided.”
 
 (People
 
 v.
 
 Woodhead
 
 (1987) 43 Cal.3d 1002, 1010 [239 Cal..Rptr. 656, 741 P.2d 154].) We cannot imagine why the statute would give advice about redemption prior to foreclosure and sale unless foreclosure and sale were contemplated.
 

 Foreclosure sales of charged partnership interests are also implicitly recognized in section 15032
 
 [6]
 
 which deals with partnership dissolutions and makes reference to “the purchaser” of a partner’s interest under section 15028.
 

 
 *546
 
 Anderson contends foreclosure is contrary to law because Code of Civil Procedure section 699.720, subdivision (a)
 
 [7]
 
 says a partnership interest is not subject to execution where the partnership is not a judgment debtor. Anderson notes that section 15028, subdivision (3) (fn. 5,
 
 ante),
 
 specifies the charging order statute does not affect a partner’s right under the exemption laws.
 

 However, contrary to Anderson’s argument, “the exemption laws” do not exempt a partnership interest from enforcement of judgment. Those exemptions which protect property from enforcement of judgment are found in article 3 “Exempt Property” (Code Civ. Proc., §§ 704.010-704.210) of chapter 4 “Exemptions” (Code Civ. Proc., § 703.010 et seq.) of division 2 (“Enforcement of Money Judgments”) of title 9 (“Enforcement of Judgments”) of the Code of Civil Procedure. Partnership interests are not listed as exempt property under article 3. (Code Civ. Proc., §§ 704.010-704.210.)
 

 Subdivision (a) of Code of Civil Procedure section 699.720, on which Anderson relies, protects a partnership interest only from execution, not from enforcement of judgment. Thus, subdivision (b) of section 699.720 of the Code of Civil Procedure provides: “Nothing in subdivision (a) affects or limits the right of the judgment creditor to apply property to the satisfaction of a money judgment pursuant to any applicable procedure other than execution.” As we shall explain, foreclosure of a statutory charging order is a “procedure other than execution.”
 

 Code of Civil Procedure section 699.720 is found in chapter 3 (“Execution”—§ 699.010 et seq.) of division 2 (“Enforcement of Money Judgments”—§ 695.010 et seq.) of title 9 (“Enforcement of Judgments”— § 680.010 et seq.).
 

 As we have noted, charging orders are authorized under Code of Civil Procedure section 708.310. That section is part of chapter 6—“Miscella-neous Creditors’ Remedies” (Code Civ. Proc., § 708.010 et seq.).
 

 There is a difference between an execution sale (pursuant to a writ of execution) and a foreclosure sale (of a debtor partner’s charged interest). Code of Civil Procedure section 699.510 provides in part that, with exceptions inapplicable here, “after entry of a money judgment, a writ of execu
 
 *547
 
 tion shall be issued by the clerk of the court upon application of the judgment creditor and shall be directed to the levying officer in the county where the levy is to be made and to any registered process server.” Thus, in ordinary civil actions, after entry of a money judgment and upon the judgment creditor’s application, the court clerk acts in a ministerial capacity and has no discretion to refuse issuance of a writ of execution.
 
 (In re Marriage of Farner
 
 (1989) 216 Cal.App.3d 1370 [265 Cal.Rptr. 531].) The levying officer then executes the writ in accordance with written instructions of tiie judgment creditor. (Code Civ. Proc., § 699.530.) No court intervention is required.
 

 In contrast, a court-ordered sale to foreclose the lien
 
 [8]
 
 created by a charging order on a partnership interest involves judicial supervision. The charging order procedure has replaced levies of execution as the remedy for reaching partnership interests.
 
 (Baum
 
 v.
 
 Baum
 
 (1959) 51 Cal.2d 610, 612-613 [335 P.2d 481].)
 

 Thus, Code of Civil Procedure section 699.720, subdivision (a) on which Anderson relies, is inapplicable because Hellman seeks to foreclose on the charging order, not to proceed by writ of execution.
 

 As we have mentioned, the statutory authority for the sale of a partnership interest in satisfaction of a debt of an individual partner was recognized in
 
 Crocker Nat. Bank
 
 v.
 
 Perroton, supra,
 
 208 Cal.App.3d 1. Courts from other jurisdictions have agreed that the charging order provision of the Uniform Partnership Act authorizes sale of a charged partnership interest.
 
 (FDIC
 
 v.
 
 Birchwood Builders
 
 (1990) 240 N.J.Super. 260 [573 A.2d 182];
 
 Wills
 
 v.
 
 Wills
 
 (Mo.App. 1988) 750 S.W.2d 567;
 
 Bohonus
 
 v.
 
 Amerco
 
 (1979) 124 Ariz. 88 [602 P.2d 469];
 
 Tapper
 
 v.
 
 Kroc
 
 (1972) 88 Nev. 146 [494 P.2d 1275];
 
 Beckley
 
 v.
 
 Speaks
 
 (1963) 39 Misc.2d 241 [240 N.Y.S.2d 553]; see
 
 First Nat. Bank of Denver
 
 v.
 
 District Court
 
 (Colo. 1982) 652 P.2d 613.) In
 
 Tupper
 
 v.
 
 Kroc, supra,
 
 the Nevada Supreme Court affirmed denial of a motion to set aside a court-ordered sale of a charged partnership interest. The Nevada statute, just as California’s, authorized the trial court to make all orders and directions as the case required, and this, said the court, included sale of the charged interest. (494 P.2d at p. 1278.)
 
 Bohonus
 
 v.
 
 Amerco, supra,
 
 emphasized the distinction between a partnership “interest” and partnership “property,” the latter of which may not be sold. (602 P.2d at p. 471.)
 

 
 *548
 
 Anderson attempts to distinguish cases from other jurisdictions by referring to the California rule that a partnership interest is not subject to execution. (Code. Civ. Proc., § 699.720, subd. (a), fn. 7,
 
 ante.)
 
 However, as we have discussed, that statute is not implicated in court-ordered foreclosures.
 

 Eureka mentions Georgia law as precluding a forced sale; however, the cited law review article merely indicates that Georgia’s statute, by not providing for foreclosure, differs from the Uniform Partnership Act. (Rib-stein,
 
 An Analysis of Georgia’s New Partnership Law
 
 (1985) 36 Mercer L.Rev. 443, 490.) The Georgia statute says a charged interest “is not liable to be seized and sold by the judgment creditor under execution.” (Ga. Code Ann. § 14-8-28, subd. (b).) We are presented with no persuasive authority or argument that the Georgia statute compels a prohibition against foreclosure and sale otherwise authorized in California by section 15028.
 

 Other commentators, though cited by Eureka, support Heilman’s position that the Uniform Partnership Act’s charging order provision is widely accepted as authorizing the sale of the charged partnership interest. (Gose,
 
 The Charging Order Under the Uniform Partnership Act
 
 (1953) 28 Wash.L.Rev. 1, 6-7, 10-12, 16 [partnership interest may be sold if charging order ineffectual]; Lewis,
 
 The Uniform Partnership Act
 
 (1915) 24 Yale L.J. 617, 634 [charging order avoids undue interference with rights in partnership business and
 
 property].)
 

 Anderson is concerned that the sale will detrimentally affect his other creditors, whose interests are subordinate to Hellman. However, the priority of creditors’ interests is not a legitimate concern. Creditors with subordinate interests are always subject to the interests of prior creditors.
 

 We conclude section 15028 authorized the trial court’s order directing foreclosure and sale of the charged partnership interest.
 
 (Crocker, supra,
 
 208 Cal.App.3d at pp. 8-9.)
 

 B.
 
 The consent of nondebtor partners is not invariably required.
 

 In
 
 Crocker,
 
 the nondebtor partner effectively consented to the foreclosure and sale of a limited partnership interest.
 
 Crocker
 
 concluded a trial court “may authorize sale of the debtor partner’s partnership interest even in the absence of fraud, where three conditions are met: first, the creditor has previously obtained a charging order; second, the judgment nevertheless remains unsatisfied; and third, all partners other than the debtor have consented to the sale of the interest.”
 
 (Crocker, supra,
 
 208 Cal.App.3d at p. 9.)
 

 
 *549
 
 Appellants contend
 
 Crocker
 
 requires that nondebtor partners consent to foreclosure and that the trial court here erred in deciding Crocker's statement was mere dictum. Hellman considers the consent requirement in
 
 Crocker
 
 to be dictum because the nondebtor partner in that case had effectively consented to the sale and therefore the issue of partner consent was never raised. While we agree Crocker's consent requirement was not dictum, we disagree with
 
 Crocker's
 
 requirement that other partners must invariably consent to a foreclosure sale.
 
 [9]
 

 The ratio decidendi, as opposed to dictum, is the “principle or rule which constitutes the ground of the decision, and it is this principle or rule which has the effect of a precedent. It is therefore necessary to read the language of an opinion in the light of its facts and the issues raised, to determine (a) which statements of law were necessary to the decision, and therefore binding precedents, and (b) which were arguments and general observations, unnecessary to the decision, i.e., dicta, with no force as precedents.” (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 783, p. 753.)
 

 There can be no dispute that the partner consent requirement was necessary to the
 
 Crocker
 
 decision. The court said so. That consent was given in that case does not mean the issue was not raised; it merely means the requirement imposed by the court was met.
 

 Nevertheless, we respectfully disagree with that requirement.
 

 First, the statutes do not say that nondebtor partner consent is required for foreclosure on a charging order. Yet section 15028, subdivision (2)(b) (fn. 5,
 
 ante)
 
 expressly requires the consent of nondebtor partners before partnership property may be used to redeem the charged interest. Plainly, if the Legislature wants to make partner consent a condition, it knows how to do so. Thus, the very code provision authorizing foreclosure expressly requires consent of nondebtor partners in connection with redemption but is silent on the question of nondebtor partner consent in connection with foreclosure. “[W]hen the drafters of a statute have employed a term in one place and omitted it in another, it should not be inferred where it has been excluded.”
 
 (People
 
 v.
 
 Woodhead, supra,
 
 43 Cal.3d at p. 1010.)
 

 A second consideration is the policy underlying the Uniform Partnership Act of avoiding undue interference with partnership business.
 
 *550
 

 (Crocker, supra,
 
 208 Cal.App.3d at p. 9.) However, we do not think that foreclosure of a partner’s interest will always unduly interfere with the business of the partnership. This is because the statutory scheme itself limits the interest subject to foreclosure and sale. As we have mentioned, a partner’s “interest in the partnership” is a personal property right separate and distinct from the partner’s (1) rights in specific partnership property and (2) right to participate in management. (§§ 15024, 15026.) The “interest in the partnership” means only the partner’s share of profits and surplus. (§ 15026.) Foreclosure entails no execution upon partnership assets, and the interest acquired by foreclosure does not include the right to participate in management.
 

 The limited nature of the interest being sold was emphasized in
 
 Beckley
 
 v.
 
 Speaks, supra,
 
 240 N.Y.S.2d 553. That case held that, under the Uniform Partnership Act provisions, the purchaser of a charged liquor store partnership interest acquired only the debtor partner’s share of profits and surplus and did not acquire any interest in specific partnership property or any right to participate as partner in applying for renewal of the liquor license.
 
 (Id.
 
 at pp. 556-557.)
 

 We conclude that since the interest acquired by the purchaser of a partnership interest is limited by operation of law to the partner’s share of profits and surpluses, with no acquisition of interest in partnership property or management participation, the foreclosure and sale of the partnership interest will not always unduly interfere with the partnership business to the extent of requiring consent of the nondebtor partners. In some cases, foreclosure might cause a partner with essential managerial skills to abandon the partnership. In other cases, foreclosure would appear to have no appreciable effect on the conduct of partnership business. Thus, the effect of foreclosure on the partnership
 
 [10]
 
 should be evaluated on a case-by-case basis by the trial court in connection with its equitable power to order a foreclosure.
 

 Because we believe the effect of foreclosure on the partnership should be determined on a case-by-case basis, we respectfully disagree with
 
 Crocker’s
 
 inflexible requirement of partners’ consent in order for the court to authorize a sale of a charged partnership interest.
 
 [11]
 

 
 *551
 
 In this case, we are not satisfied that a full record was made on the effect of foreclosure on the partnership, because appellants apparently relied on the consent requirement found in
 
 Crocker, supra,
 
 208 Cal.App.3d 1. Therefore, no evidentiary showing of the effect on partnership business was made. The trial court rejected
 
 Crocker's
 
 consent requirement as dictum and found, in line with the other two requirements set forth in
 
 Crocker,
 
 that: “Judgment creditors have received nothing from their Charging Order. It is unlikely that the Judgment will be satisfied within a reasonable time.” Thus, we cannot infer that the trial court considered the effect on partnership business before granting the equitable relief sought by Heilman.
 

 Since we disagree with
 
 Crocker's
 
 consent requirement, remand is required in order for the trial court to make a finding, upon such evidence as may be presented by the parties, on the question whether foreclosure in this case will unduly interfere with partnership business of the nondebtor partnership.
 

 On remand, the burden of proving undue interference with partnership business will be upon defendant and appellant Anderson. Evidence Code section 500 provides,
 
 “Except as otherwise provided by law,
 
 a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting.” (Italics added.) “The general rule allocating the burden of proof applies ‘except as otherwise provided by law.’ The exception is included in recognition of the fact that the burden of proof is sometimes allocated in a manner that is at variance with the general rule. In determining whether the normal allocation of the burden of proof should be altered, the courts consider a number of factors: the knowledge of the parties concerning the particular fact, the availability of the evidence to the parties, the most desirable result in terms of public policy and the absence of proof of the particular fact, and the probability of the existence or nonexistence of the fact.” (Cal. Law Revision Com. com., 29B West’s Ann. Evid. Code, § 500 (1966 ed.), p. 430, Deering’s Ann. Evid. Code, § 500 (1986 ed.) p. 215; see 1 Witkin, Cal. Evidence (3d ed. 1986) Burden of Proof and Presumptions, §§ 136-138, pp. 119-121.) Here, because knowledge about (and evidence of) the effect of foreclosure upon the partnership is peculiarily known to defendant and appellant Anderson, in his capacity as a partner, the burden of proving undue interference as a consequence of foreclosure is properly placed upon him.
 

 Since we conclude remand is necessary, we need not address appellants’ other contentions that the trial court abused its discretion.
 

 
 *552
 
 Disposition
 

 The order of December 15, 1989, is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion. The parties will bear their own costs on appeal.
 

 Sparks, Acting P. J., and Davis, J., concurred.
 

 [1]
 

 Undesignated statutory references are to the Corporations Code.
 

 [2]
 

 All appellants filed notice of appeal from the December 15, 1989, order directing foreclosure of the partnership interest. Additionally, Anderson appeals from the trial court’s March 2, 1990, denial of a motion for new trial and Eureka appeals from a denial of a motion for reconsideration on the same date. However, denial of a motion for new trial is not an appealable order.
 
 (Rodriguez
 
 v.
 
 Barnett
 
 (1959) 52 Cal.2d 154, 156 [338 P.2d 907].) Anderson’s appeal from this nonappealable order is dismissed. Assuming denial of the motion for reconsideration is an appealable order (but see
 
 Rojes
 
 v.
 
 Riverside General Hospital
 
 (1988) 203 Cal.App.3d 1151, 1160-1161 [250 Cal.Rptr. 435], overruled by the same court on other grounds in
 
 Passavanti
 
 v.
 
 Williams
 
 (1990) 225 Cal.App.3d 1602, 1607 [275 Cal.Rptr. 887]), Eureka raises no issues as to the merits of the ruling on reconsideration.
 

 [3]
 

 Appellants originally cited this case by the caption under which it appeared in the advance
 
 sheets—Centurion Corp.
 
 v.
 
 Crocker National Bank.
 

 [4]
 

 Section 15028, as part of the Uniform Partnership Act, was adopted in 1949. (Stats. 1949, ch. 383, § 1.) We note, however, the same provisions regarding partnership interests and charging orders were previously contained in Civil Code sections 2418 to 2422. (Stats. 1929, ch. 864, pp. 1903-1904.)
 
 Sherwood
 
 v.
 
 Jackson
 
 (1932) 121 Cal.App. 354 [8 P.2d 943] held a creditor could not properly proceed by execution sale pursuant to an ex parte order to levy execution on the debtor’s partnership interest. The creditor’s remedy was through the charging order procedure.
 
 (Id.
 
 at pp. 356-357.)
 

 [5]
 

 Section 15028 provides: “(1) On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with the interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts, and inquiries which the debtor partner might have made, or which the circumstances of the case may require.
 

 “(2) The interest charged may be redeemed at any time before foreclosure, or in case of a sale being directed by the court may be purchased without thereby causing a dissolution:
 

 “(a) With separate property, by any one or more of the partners, or
 

 “(b) With partnership property, by any one or more of the partners with the consent of all the partners whose interests are not so charged or sold.
 

 “(3) Nothing in this act shall be held to deprive a partner of his right, if any, under the exemption laws, as regards his interest in the partnership.” (Italics added.)
 

 [6]
 

 Section 15032 provides in part:
 

 “(2) On the application of the purchaser of a partner’s interest under Sections 15027 [conveyance of partnership interest] and 15028 [fn. 5, ante] [the court shall decree a dissolution]:
 

 “(a) After the termination of the specified term or particular undertaking,
 

 “(b) At any time if the partnership was a partnership at will when the interest was assigned or when the charging order was issued.”
 

 [7]
 

 Code of Civil Procedure section 699.720 provides in part: “(a) The following types of property are not subject to execution: ... [¶] (2) The interest of a partner in a partnership where the partnership is not a judgment debtor. . . . [¶] (b) Nothing in subdivision (a) affects or limits the right of the judgment creditor to apply property to the satisfaction of a money judgment pursuant to any applicable procedure other than execution.”
 

 [8]
 

 Code of Civil Procedure section 708.320 provides: “(a) Service of a notice of motion for a charging order on the judgment debtor and on the other partners or the partnership creates a lien on the judgment debtor’s interest in the partnership. [¶] (b) If a charging order is issued, the lien created pursuant to subdivision (a) continues under the terms of the order. If issuance of the charging order is denied, the lien is extinguished.”
 

 [9]
 

 It is undisputed in this case that the nondebtor partner, Tallstrom, does not consent. We agree with appellants that Tallstrom’s prior consent to Anderson’s assignment of his interest to Eureka as collateral has no bearing on the question of consent in the context of this dispute. Nor do we consider it relevant that Tallstrom did not seek to oppose the order imposing the charging order in the first place. On the other hand, we do not consider Tallstrom’s consent compelled by the trial court’s rulings (1) that Tallstrom was entitled to notice of the foreclosure motion, or (2) that Tallstrom be permitted to intervene.
 

 [10]
 

 Eureka contends the trial court failed to consider its interests as senior lienholder. However, the interest at issue is the effect of the court’s order on the partnership, not upon other creditors.
 

 [11]
 

 The parties do not challenge the other two prerequisites to foreclosure that (1) the creditor previously obtained a charging order, and (2) the judgment nevertheless remained unsatisfied.
 
 (Crocker, supra,
 
 208 Cal.App.3d at p. 9.) The first condition seems obvious—obtaining a charging order is a prerequisite to foreclosing on the charging order. The second condition—
 
 *551
 
 that the charging order be unsuccessful—is, we believe, implied in the statute, which authorizes “all other orders . . . which the circumstances of the case may require.” (§ 15028, subd. (1), fn. 5,
 
 ante.)