Filed 12/2/14  Jay Bharat Developers v. Minidis CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JAY BHARAT DEVELOPERS, INC., et al., | B247893 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC336287) |
| v. | |
| JIM MINIDIS et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County. Matthew C. St. George, Commissioner.  Affirmed.

Law Offices of Frank A. Weiser and Frank A. Weiser for Plaintiffs and Appellants.

Lewis Brisbois Bisgaard & Smith, Leopoldo A. Bautista and Justin Barmasse for Defendants and Respondents.

_____

This appeal is one in a series brought by Jay Bharat Developers, Inc., and related entities and individuals against RedBrick Pizza Worldwide, Inc., and its related entities and individuals.  This time, appellants Jay Bharat Developers, Inc., Jay Bharat Resorts, Inc., Jay Bharat Foods, LLC (JB Foods), Jay Bharat Lodging, LLC, Vartan, LLC, and Bipin Morari (Morari) challenge a trial court order granting a motion by defendants and respondents Jim Minidis, Lynn Minidis, and RedBrick Pizza Worldwide, Inc., charging Morari's membership interest in various limited liability companies (LLC's).[1]  They contend because there was no stipulation to have a commissioner hear respondents' motion, the order must be reversed.

We are not convinced by appellants' arguments.  Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Complaint; Arbitration; Judgment for Respondents*

On July 8, 2005, appellants initiated litigation against respondents for damages arising out of a franchise agreement.  (*Jay Bharat Developers, Inc. v. Minidis* (2008) 167 Cal.App.4th 437, 441.)  Following a motion by respondents, the trial court ordered the case to arbitration.  (*Ibid.*)

Following the arbitration hearing, the arbitrator found in favor of respondents and awarded them attorney fees and costs.  A judgment confirming the arbitration award was filed and entered by the trial court.  Appellants appealed, and on September 7, 2011, we affirmed the trial court's order and judgment.  (*Jay Bharat Developers, Inc. v. Minidis* (Sept. 7, 2011, B219498) [nonpub. opn.].)

---

[1]     In the underlying motion papers, the LLC's are identified as Jay Bharat Foods, LLC, Standard Foods, LLC, Vartan, LLC, JBMC Management, LLC, Jay Bharat Lodging, LLC, and Columbus College of Medicine and Health Sciences, LLC.  The appellants are identified in the notice of appeal as Jay Bharat Resorts, Inc., Morari, JB Foods, Jay Bharat Lodging, LLC, and Vartan, LLC.  As discussed below, it is difficult to discern which entity and/or individual is appealing the trial court's order.

*Collection Efforts; Stipulation for Commissioner St. George*

Respondents then began their efforts to collect on the judgment. They apparently served subpoenas regarding the enforcement of their judgment, and Morari filed a motion to quash those subpoenas.

On June 19, 2012, the parties appeared before Commissioner Matthew C. St. George for a hearing on Morari's motion to quash subpoenas re enforcement of judgment. At that time, the parties entered into a stipulation to have Commissioner St. George "hear this matter." Ultimately, Morari's motion was denied.

*Respondents' Amended Motion to Charge Morari's Interest*

On October 26, 2012, respondents filed a motion pursuant to California Code of Civil Procedure section 708.310 and former California Corporations Code section 17302 against Morari for an order charging his interest in various LLC's. On December 6, 2012, they filed an amended motion, again seeking an order charging Morari's interest in various LLC's (the amended motion). Specifically, respondents requested an order directing various LLC's "to pay any sums or property now or hereafter due to . . . Morari directly to [respondents] until the total amount of its unsatisfied judgment . . . is paid in full." Significantly, respondents did not seek an order relating to the operation of the business of the LLC's.

*First Peremptory Challenge*

On December 17, 2012, appellants filed a peremptory challenge pursuant to California Code of Civil Procedure section 170.6 against Commissioner St. George. Commissioner St. George rejected the peremptory challenge as untimely. Jay Bharat Developers, Inc., Jay Bharat Resorts, Inc., Morari, and JB Foods filed an appeal, which was dismissed pursuant to California Rules of Court, rule 8.100(c). (*Jay Bharat Developers, Inc. v. Minidis* (Mar. 6, 2013, B246589).)

*Opposition to Respondents' Amended Motion*

On December 21, 2012, Jay Bharat Developers, Inc., Jay Bharat Resorts, Inc., Morari, Jay Bharat Foods, LLC, Jay Bharat Lodging, LLC, and Vartan, LLC, filed an

opposition to respondents' amended motion. In the opposition, they reiterated the prior objection to having Commissioner St. George hear the amended motion.

*Hearing on Respondents' Amended Motion*

On February 8, 2013, Commissioner St. George submitted a written stipulation to the parties, asking them to sign the stipulation so that he could hear the amended motion. Only respondents signed the stipulation; no one on behalf of appellants or the various LLC's agreed to do so.

At the hearing, Commissioner St. George considered the objection to him hearing the amended motion. Notably, appellants' counsel conceded that Morari had no right to object to Commissioner St. George.

The commissioner concluded that the nonparty LLC's did not have standing to object to respondents' amended motion. It then heard the amended motion and entered an order in respondents' favor.

This timely appeal ensued.

## DISCUSSION

Appellants sole argument on appeal is that the trial court's charging order must be reversed because there was no stipulation to have a commissioner hear the amended motion.

Appellants' opening brief is sparse, and its use of the generic term "appellants" throughout makes it difficult for us to discern who is actually challenging the trial court's charging order. (*Paneno v. Centres for Academic Programmes Abroad Ltd.* (2004) 118 Cal.App.4th 1447, 1457.) For the sake of completeness, we hold as follows: To the extent Morari is challenging the trial court's order, we conclude that his argument is barred by the doctrine of invited error.

"Under the doctrine of invited error, when a party by its own conduct induces the [alleged] commission of error, it may not claim on appeal that the judgment should be reversed because of that [alleged] error." (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 212.) "As a leading treatise puts it, an appellant 'cannot complain of error [it] personally 'invited.' In other words, one whose conduct includes or invites the

4

[alleged] commission or error by the trial court is *estopped* from asserting it as a ground for reversal on appeal.' [Citations.]" (*Transport Ins. Co. v. TIG Ins. Co.* (2012) 202 Cal.App.4th 984, 1000.)

Through counsel, at the hearing below, Morari conceded that he had no right to object. He cannot now complain on appeal that the commissioner erred in hearing respondents' amended motion.

To the extent the nonparty LLC's are challenging the trial court's order, we conclude that they lack standing to object as they have no actual interest in the trial court's order granting respondents' amended motion. (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 59 ["A party lacks standing if it does not have an actual and substantial interest in, or would not be benefited or harmed by, the ultimate outcome of an action"].)

*Hellman v. Anderson* (1991) 233 Cal.App.3d 840 is instructive. In that case, the Court of Appeal held "that a judgment debtor's interest in a partnership (meaning the right to share in the profits and surplus) may be foreclosed upon and sold, even though other partners do not consent to the sale, provided the foreclosure does not unduly interfere with the partnership business." (*Id.* at p. 842; see also *Rockstone Capital, LLC v. Mktg. Horizons, Ltd.* (Conn.Super.Ct., July 17, 2013, No. NNHCV0650068185) 2013 Conn. Super. Lexis 1621, *5–*7; *Bank of America v. Freed* (Ill.App.Ct., Dec. 28, 2012, No.1-11-0749) 2012 Ill.App. Lexis 1052, *36–*37.) That reasoning applies equally here. The charging order issued against Morari's distributional interest in various LLC's does not interfere with the business operations of those LLC's. Rather, the charging order only transfers Morari's right to a share of the distributions. (See Cal. Corp. Code, § 17705.03, subd. (a).) Morari still retains his rights in specific LLC property and his right to participate in the management of the LLC's. As such, the LLC's do not have standing to challenge the order granting respondents' amended motion. It follows that the LLC's had no right to object to Commissioner St. George hearing the amended motion.

In their reply brief, appellants ask us to apply the doctrine of judicial estoppel to preclude respondents from raising the issue of standing on appeal. Quite simply, appellants have not met their burden in demonstrating that each of the elements of judicial estoppel is present here and that we should exercise our discretion to apply it. (*Regents of University of California v. Superior Court* (2013) 222 Cal.App.4th 383, 408.) Their general two paragraph discussion summarizing the law of judicial estoppel is insufficient.

## DISPOSITION

The order is affirmed. Respondents are entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
                ASHMANN-GERST


We concur:


_____, P. J.
        BOREN


_____, J.
        CHAVEZ

6